**Paul Cortland YOUNG, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 885S311.

Supreme Court of Indiana.

June 3, 1987.

Sheila Suess Kennedy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction by a jury of burglary, I.C. § 35–43–2–1, a class B felony, and theft, I.C. § 35–43–4–2. a class D felony. Appellant was sentenced to 10 years for burglary and 2 years for theft. The burglary conviction was enhanced by 30 years as a result of an habitual offender determination.

There are three issues presented on appeal: (1) whether the trial court erred in admitting into evidence a glass jar from which a latent fingerprint was taken; (2) whether during the habitual offender phase the trial court erred by admitting documents which reflected appellant had been previously charged with burglary; and (3) whether during the habitual offender phase the trial court erred by reading the original charging affidavit, which alleged an ineligible prior felony.

These are the facts from the record pertinent to this appeal: An Indianapolis home was burglarized on April 25, 1984. During the investigation of the burglary, Sergeant Hecko discovered an empty glass jar which, prior to the burglary, had contained coins. Hecko placed the jar in a bag and delivered it to Sergeant Brooks. On April 26, 1984, Brooks examined the jar for fingerprints and made a latent fingerprint card from a print on the jar. Brooks concluded that the print matched appellant's fingerprints. Subsequently, Brooks delivered the jar to Hecko who stored it in a locked drawer until trial.

During the habitual offender portion of the trial, the State introduced into evidence State's Exhibit # 5. This exhibit consisted of an information and other documents which showed appellant had been charged with first degree burglary but pled guilty to the lesser included offense of entering to commit a felony.

Also, prior to the habitual offender proceeding, the State deleted one of the three prior felony convictions alleged in the original information. Since the trial judge apparently read a preliminary instruction which set forth the original habitual offender information, he admonished the jury as follows:

"Ladies and Gentlement [sic] of the Jury, you are admonished to disregard the third count of the Information. I read you three prior felonies. You are to disregard the second one, that now there are only two."

I

Appellant objected to the admission into evidence of the glass jar from which a latent fingerprint matching that of appellant was removed. He asserts that a proper chain of custody was not established and therefore the glass jar, the latent print, and the testimony identifying the print as that of appellant, were all erroneously admitted.

Testimony reflected that after 5:00 p.m. on April 25, 1984, Sergeant Hecko sealed the jar in a bag and subsequently delivered the jar to Sergeant Brooks and that on April 26, 1984, at 9:50 p.m. Brooks examined the jar and prepared a latent print card from finger prints on the jar. A label was also attached to the jar bearing Hecko's name and address and Brooks' identifying mark.

Although a continuous chain of custody must be shown, the State is not required to exclude every remote possibility of tampering but must provide reasonable

assurance that the exhibit has passed through various hands in an undisturbed condition. *Stewart v. State* (1982), Ind., 442 N.E.2d 1026. The only pertinent chain of custody was the one from Hecko to Brooks and the evidence presented by the State was sufficient to establish that chain.

The purpose of requiring a continuous chain of custody from seizure to admission at trial is to lay a proper foundation connecting the evidence with the accused and to negate any substantial likelihood of tampering, loss, substitution, or mistake. *Arnold v. State* (1982), Ind., 436 N.E.2d 288. The glass jar was admissible as part of the foundation for admission of the latent fingerprint card and the chain was complete at the point the latent print was removed. Subsequent opportunity for tampering with the jar is irrelevant. Further, the glass jar is a non-fungible item not easily susceptible to tampering and testimony reveals it was in the custody of Hecko or Brooks during the 30 hours or less between Hecko taking possession and Brooks lifting the print. The State presented reasonable assurance that the jar remained in an undisturbed condition prior to testing and the trial court did not err in permitting the admission of these items.

## II

In support of the habitual offender count, the State introduced evidence of appellant's conviction for two prior felonies, entering to commit a felony and carrying a handgun without a license. The entering to commit a felony conviction resulted from a plea agreement. Appellant had been charged with burglary but pled to the lesser offense and the Information and other documents introduced by the State reflected this fact. Appellant claims prejudice since the jury was made aware of a prior charge for which he had not been convicted.

Relying on *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339, appellant asserts it is not possible to discern which information the jury relied on in making its decision. In *Miller*, evidence of two ineligible and two eligible convictions was before the jury and therefore it was impossible to determine upon which convictions they relied. However, in this case, the documentation clearly shows appellant pled guilty to entering to commit a felony and not burglary. This event was called to the jury's attention twice by the prosecution. It is clear there were only two prior crimes before the jury and the inclusion of the burglary charge in the documentation did not amount to prejudice.

## III

Along the same lines, the State had originally included three prior convictions but withdrew one from consideration. The original charging affidavit which contained the three felonies was read by the trial judge to the jury in a preliminary instruction. Upon the withdrawal, he immediately admonished the jury, prior to any testimony in the habitual phase, to disregard the ineligible conviction.

Appellant claims error in the trial judge's failure to include the admonition in the final instructions or to read the new count to the jury. Whether or not an admonition is sufficient to cure an error depends upon its probable impact upon the jury. *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097. The jury was admonished not to consider that brief mention of another conviction and the issue was not raised again. The prompt admonition by the trial judge was sufficient to cure any error and to relieve the appellant of the burden of any prejudice.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.