**Cedric Lee SMITH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 45S00–8603–CR–251.**

Supreme Court of Indiana.

Nov. 9, 1987.

William L. Touchette, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Cedric Lee Smith appeals from his determination as a habitual of-

fender following his conviction of voluntary manslaughter. While defendant's issues may present multiple grounds for reversal, efficient judicial administration will best be served by limiting our discussion to one dispositive issue.

 The State based its habitual offender charge upon two predicate offenses: a May 19, 1975, conviction for possession of an unregistered firearm, and a May 24, 1971, conviction for robbery. During the habitual offender phase of the trial, the State presented evidence that defendant was convicted and sentenced May 24, 1971, for a robbery committed January 14, 1971. One of the essential elements of a habitual offender finding is proof that the second predicate offense was committed subsequent to the date of sentencing for the first predicate offense. Ind.Code § 35–50–2–8 (West 1986). Numerous prior cases have vacated habitual offender determinations because of such failure of proof. *Steelman v. State* (1985), Ind., 486 N.E.2d 523; *Clark v. State* (1985), Ind., 480 N.E.2d 555; *Graham v. State* (1982), Ind., 435 N.E.2d 560; *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339.

The State failed to present any direct evidence showing the crucial date of commission which led to the 1975 conviction, but urges that other facts in evidence give rise to a reasonable inference that the second offense took place after defendant's sentencing on the first offense. The State argues that such inference results from the following evidentiary facts: defendant was 19 years old at the time of his commitment on May 24, 1971, the 1975 conviction bore a 1974 cause number, and sentence was imposed in May of 1975 under adult sentencing procedures.

In addressing the issue of sufficiency of evidence, we will affirm if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could make the determination reached beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980),

272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

 Despite this standard of review favoring affirmation of the judgment below, we must disagree with the State's argument regarding inferences to be drawn from the evidence. The mere fact that defendant's 1975 sentencing was imposed under adult sentencing procedure does not preclude the possibility that the offense was committed when he was age 18 or 19, before he was sentenced on the prior offense. The State has failed to demonstrate that these inferences compel the conclusion that the federal firearms violation was necessarily committed after defendant was sentenced for robbery in 1971.

This cause is remanded to vacate the habitual offender determination.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.