**Cedric Lee SMITH, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 45S00–8603–CR–251.**

Supreme Court of Indiana.

Jan. 10, 1990.

William L. Touchette, Lake County Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

On November 9, 1987, this Court in *Smith v. State* (1987), Ind., 514 N.E.2d 1254 reversed the trial court's finding that appellant was an habitual offender. The cause was remanded for correction of sentence. Following the remand, the cause was repeatedly delayed. The trial court was finally able to obtain a firm setting for February 19, 1988. However, when that time came, Judge Letsinger was on a vacation and had appointed T. Edward Page as the judge pro tempore. Over the objection of appellant, Judge Page proceeded to resentence appellant under the mandate of the Supreme Court.

Appellant takes the position that it was improper for Judge Page to act on the resentencing because it was Judge Letsinger who had heard the evidence and seen the demeanor of the witnesses at the original trial; thus he was the proper judge to sentence appellant. Appellant cites Ind.R. Tr.P. 63(A), which reads in pertinent part as follows:

"The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. If the judge before whom the trial or hearing was held is not available by reason of death, sickness, absence or unwillingness to act, then any other judge regularly sitting in the judicial circuit or assigned to the cause may perform any of the duties to be performed by the court after the verdict is returned or the findings or decision of the court is filed; ...."

Appellant argues that Judge Page did not have jurisdiction over the case because there is no showing that Judge Letsinger was "unavailable by absence," and further that upon his return Judge Letsinger made an affidavit that he was willing to make a decision in the case. However, there is no question but that Judge Letsinger was in fact absent at the time and was unavailable to preside at the hearing.

Under Ind.R.Tr.P. 63(E), a properly appointed judge pro tempore has the same authority during the period of his appointment as the judge he replaces. Judge Page thus had the authority to pass upon any matters properly before the court.

Appellant argues that Judge Page should not have ruled on his resentencing for the further reason that he did not have personal knowledge of what had transpired at trial and that this information was essential for him to pass upon the proper sentencing of appellant. However, at the close of appellant's original trial, Judge Letsinger had made findings of fact and conclusions of law in his original sentencing of appellant. Thus Judge Page had the benefit of Judge Letsinger's findings. His duty at the resentencing hearing was merely to apply the statutes governing the penalties to be assessed against appellant under a set of given facts. Judge Page did in fact permit appellant to submit further evidence before him and to argue that he should receive a minimum sentence. This of course did not preclude Judge Page from also considering the facts found by Judge Letsinger at the original sentencing, which he in fact did.

We find that the record in this case indicates that Judge Page was fully qualified to act as judge pro tempore, and as such, he had the authority to act upon appellant's resentencing which had been previously scheduled for that time by Judge Letsinger. In so doing Judge Page stayed within the statutory limitations in pronouncing sentence upon appellant.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.