Octavia ROGERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8904–PC–355.

Supreme Court of Indiana.

April 23, 1991.

Rehearing Denied June 27, 1991.

Susan K. Carpenter, Public Defender, Amy E. Karozos, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of post-conviction relief. In 1977, appellant was convicted of First Degree Murder. The trial court sentenced appellant to twenty (20) years, but on appeal, this Court ordered the trial court to resentence appellant to life imprisonment. *Rogers v. State* (1979), 270 Ind. 189, 383 N.E.2d 1035.

Following a hearing on the petition, the trial court made thorough findings of fact and conclusions of law and denied the post-conviction relief.

■ Appellant contends the commissioner of the court erred in assuming jurisdiction over the post-conviction proceedings and later in ruling on the post-conviction petition as judge pro tempore, thereby violating his due process rights.

Court Commissioner T. Edward Page conducted the evidentiary hearing on appellant's petition for post-conviction relief. However, prior to the hearing, appellant filed a motion to set the hearing and requested that the presiding judge hear the cause. Upon being denied the request that the presiding judge hear the cause, appellant filed a motion to reconsider. Appellant argued that the post-conviction claim was based in part on sentencing issues and that even if the Commissioner conducted the evidentiary hearings, the presiding judge would have to make the final judgment on the petition. On October 21, 1988, the court commissioner was appointed judge pro tempore by Judge Letsinger of the Superior Court of Lake County. During this time, the commissioner issued the findings of fact and conclusions of law with regard to the petition.

Recently, this Court in *Smith v. State* (1990), Ind., 548 N.E.2d 169 had a similar issue raised with the same commissioner and trial judge involved. In *Smith*, this Court reversed the trial court's finding that the defendant was a habitual offender and we remanded for correction of the sentence. However, at the time of the resentencing, Judge Letsinger was unavailable due to the fact that he was on vacation, and he had appointed T. Edward Page as the judge pro tempore. The defendant objected to Judge Page resentencing him contending that Judge Letsinger had heard the evidence and seen the demeanor of the witnesses at the original trial. In resolving this issue we said:

"Under Ind.R.Tr.P 63(E), a properly appointed judge pro tempore has the same authority during the period of his appointment as the judge he replaces. Judge Page thus had the authority to pass upon any matters properly before the court." *Id.* at 170.

The instant case is analogous to the *Smith* decision. In the instant case, commissioner Page heard the evidence at the post-conviction hearing. Judge Letsinger then appointed commissioner Page as judge

pro tempore on October 21, 1988. At this point, Page had the same authority as Judge Letsinger who appointed him. It was in this capacity that Page made the findings of fact and conclusions of law. In addition, Page was familiar with the case in that he heard the evidence at the post-conviction hearing. Finally, there is no argument in appellant's brief that Judge Letsinger in fact was not absent during this period or that the appointment was improper. We find no error.

Appellant contends she was denied the effective assistance of trial counsel.

In *Aubrey v. State* (1985), Ind., 478 N.E.2d 70, this Court discussed the standard of review for effective assistance of counsel. We will examine each of the alleged inadequacies under the two-part test in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

■ Appellant contends trial counsel did not present any evidence establishing a defense and claims error because he did not recommend appellant to take the stand to testify in her own defense. Her argument is that a conviction on the lesser-included offense of voluntary manslaughter would have been valid. However, in order to obtain a manslaughter verdict, it was necessary for her to show sudden heat, and this could be shown only by her testifying. Thus she contends trial counsel was ineffective for failing to recommend this. However, evidence presented at trial showed that the jury could have inferred sudden heat because testimony was presented that appellant and the victim got into a fight and the victim pulled appellant's wig off. Thus sudden heat could have been inferred even though she did not testify. We cannot say that the failure to urge appellant to testify was deficient performance under *Strickland*.

■ Appellant contends counsel was ineffective in failing to elicit the fact that the victim had a knife in his possession at the time of the shooting. She argues this was valuable information for the jury to hear in connection with the lesser-included offense of voluntary manslaughter.

The police investigation report listed the possessions found on the victim included keys, chains, a wallet, cigarettes, and a "home-made paring knife." However, there was no evidence to show that the knife in question was used as a weapon. In addition, appellant merely makes the assertion to support her position. We find that counsel was not deficient under *Strickland*.

· Appellant contends that counsel was ineffective in failing to object to hearsay testimony presented and other improper testimony.

■ Appellant contends that counsel failed to object to the hearsay statement by State witness Darlene Miller, "I heard her daughter, Pam, say, 'Mama, you done shot Bussie.'" Counsel did not move to strike the testimony of a hearsay nature related by witness Mattie Green who also referred to a remark attributed to appellant's daughter. Another statement to which Green testified was spoken by one of the boys present, "She done shot him, I say." In each of these instances, these statements fall within the *res gestae* and excited utterance exceptions to the hearsay rule. *Forehand v. State* (1985), Ind., 479 N.E.2d 552. Also, appellant does not dispute the fact that she shot the victim. We cannot say this represents deficient performance under *Strickland*.

■ Appellant also contends that counsel should have objected to State's witness, Kathy Stallworth, who testified that appellant "aimed" the gun at the victim contending this expresses an opinion as to appellant's state of mind. However, this cannot amount to counsel being deficient under *Strickland*. We find no error.

Appellant argues that trial counsel's failure to discuss the ramifications of an appeal constituted ineffectiveness of counsel. We note that appellant also raises this issue with regard to appellate counsel. Thus we will discuss them together.

The crime in this case occurred on July 2, 1977, *prior* to the effective date of the Indiana Penal Code of 1976. At the time of sentencing, Ind.Code § 35–13–4–1 was in

effect and called for life imprisonment. However, the trial judge sentenced appellant to twenty (20) years under the new code. This Court corrected the erroneous sentence on appeal. Appellant now contends she was denied effective assistance of counsel at the trial level and appellate level because she was not advised that if an appeal was taken this Court would correct the sentencing error.

■ As to trial counsel, we note that during the hearing on post-conviction relief, trial counsel indicated that he did not advise her of the risks of appealing the decision on the sentencing issue. However, notwithstanding this, one of the issues raised on direct appeal was whether the trial court erred in denying her motion for a directed verdict. The issue now raised on post-conviction is inconsequential. That is, had we decided error was committed by the trial court, appellant would not be in jail but would be released. We cannot say trial counsel was ineffective under *Strickland*.

■ With regard to appellate counsel, appellant argues that counsel failed to communicate adequately with her regarding the sentencing issue. Counsel filed appellant's brief on August 16, 1978 and the State filed on September 20, 1978. In appellant's direct appeal, counsel conceded the erroneous sentence but contended the State waived the issue. This Court did not agree. Instead, we found the sentencing error to be fundamental and found that the sentence should be corrected to a life sentence. *See Rogers, supra* at 191, 383 N.E.2d at 1036.

The post-conviction hearing record reveals that appellant's counsel wrote appellant on August 23, 1978 advising her of the sentencing problem. He enclosed two affidavits, one of which directed him to continue the appeal and the other directed him to drop it. He informed appellant not to delay in responding to his letter. On September 7, 1978, appellant wrote to the State Public Defender with a request for advice on what to do. On September 12, 1978, public defender Ihor Boyko met with appellant. Appellant told Mr. Boyko that she wanted to withdraw her appeal but could not sign the affidavit forwarded by appellate counsel because the affidavit stated that she had been advised that she should have been sentenced to life imprisonment for murder in the first degree. Instead, appellant prepared her own affidavit which stated that she had been advised by counsel that it was in her best interest to dismiss the appeal. However, appellate counsel did not find this acceptable because he never advised her to drop the appeal, but merely explained the options to her. The post-conviction court found appellate counsel to be effective.

The issue of whether the trial court erred in denying appellant's motion for a directed verdict was viable. The issue now raised on post-conviction is inconsequential because this Court had to determine whether the trial court erred in denying the motion for a directed verdict. If we had decided error was committed by the trial court, appellant would have been released. Under the two-pronged test of *Strickland*, we cannot say counsel was ineffective.

■ Appellant contends she is entitled to restoration of the original sentence imposed because of this Court's decision in *Griffin v. State* (1986), Ind., 493 N.E.2d 439. In *Griffin*, the defendant was convicted on two counts of Class A robbery. During sentencing, the trial court noted amendments to the robbery statute and treated both felonies as Class B offenses. In deciding this issue, we stated:

"In this case, the State did object to the trial court's decision to reduce appellant's convictions to class B felonies. However, the State did not pursue this issue any further until it raised the question in the brief it filed in Griffin's appeal. One may not piggyback an issue on his opponent's appeal. In order to preserve the issue of an erroneous sentence for appellate review, the State is required to file a written motion to correct the sentence, accompanied by a memorandum of law which specifically delineates the defect in the original sentence. Ind.Code § 35–38–1–15 (Burns 1985)." *Id,* at 443–44.

In *Rogers*, we stated:

"Since the error in the sentence is fundamental and apparent on the face of the record, we consider it for the first time on appeal." *Rogers, supra* at 191, 383 N.E.2d at 1036.

In *Griffin,* the record showed a judgment for a Class B felony and a proper sentence thereon. Whereas, in *Rogers,* the record showed a conviction for murder and an improper sentence thereon. In *Griffin,* the State attempted to raise the question of an application of the wrong statute in defining the crime. While in *Rogers* the wrong penalty was assessed for the crime of murder. Thus the original appeal in *Rogers* was decided correctly and appellant is not entitled to restoration of her twenty (20) year sentence.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

KRAHULIK, J. dissents with separate opinion in which DeBRULER, J., concurs.

KRAHULIK, Justice, dissenting.

I cannot concur in the majority's affirmance of the trial court's denial of Rogers' petition for post-conviction relief. I believe that the evidence leads to the inevitable conclusion that Rogers received ineffective assistance of counsel during the entire appellate phase of her case. First, her trial counsel failed to communicate to her the substantial risk that the result of her appeal might be an increase in her sentence from 20 years to life imprisonment. Therefore, her original decision to appeal the judgment was made without knowledge of the possible adverse ramifications. Surely the failure to explain the "pros and cons" of a legal decision of such magnitude is a fundamental requirement of effective assistance of counsel. That failure carried over into the appellate phase when the court-appointed appellate counsel filed the appellant's brief on behalf of Rogers and raised the issue of sentencing without advising Rogers of the possibility that such a pleading might result in an increased sentence. In fact, her appeal resulted in her sentence being increased by this court from 20 years to life imprisonment. I believe that the failure to communicate with Rogers by both her trial counsel and appellate counsel during the appellate phase of her case deprived her of her fundamental right to have meaningful input into the decision whether to risk the increased sentence by taking an appeal. Her counsel's ineffectiveness has penalized her to the extent that her sentence was increased from 20 years to life imprisonment. She should not suffer that penalty.

For these reasons, I would reinstate the 20 year sentence which Rogers originally faced prior to her appeal.

DeBRULER, J., concurs.