## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2019, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason L. Sowers,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 8, 2019

Court of Appeals Case No.
19A-CR-739

Appeal from the
Clinton Superior Court

The Honorable
Justin H. Hunter, Judge

Trial Court Cause No.
12D01-1612-F6-1116

**Vaidik, Chief Judge.**

# Case Summary

[1] Jason L. Sowers appeals his conviction for possession of cocaine as a Level 6 felony, arguing that the State failed to establish a proper chain of custody of the purported cocaine and that therefore the trial court committed fundamental error when it admitted certain evidence relating to the cocaine. We affirm.

# Facts and Procedural History

[2] In December 2016, Clinton County Sheriff's Department deputies went to a house in Frankfort to serve a warrant on Sowers. Deputies located Sowers at the house and took him into custody. After Sowers was transported to the Clinton County Jail, Officer Christopher Salaba searched him and found a clear plastic bag containing a white powdery substance in Sowers's jeans. Officer Salaba handed the bag to Deputy Allen Donovan, who handed it to Deputy Jared Yoder. Deputy Yoder then placed the bag in a manila envelope, sealed it, printed his initials "JY" and the date "12/23/16" on the envelope, and secured the bag in the evidence locker at the jail.

[3] The State charged Sowers with possession of cocaine as a Level 6 felony. In March 2019, a jury trial was held. The State's Exhibit 2 consisted of three pictures: a picture of a clear plastic bag containing a white powdery substance, a picture of the front side of a manila envelope used for evidence packaging, and a picture of the back side of that envelope. That manila envelope has a bar-code sticker attached to the front of it with "Indianapolis Laboratory" typed

above it and displays the initials "JY" and the date "12/23/16" on the back of the envelope. *See* Ex. 2. When the State moved to admit Exhibit 2, Sowers's attorney stated, "I don't have any objection to the admissibility of [Exhibit 2] your Honor[,]" and the court admitted that exhibit. Tr. p. 113. The State's Exhibit 3 was a Certificate of Analysis signed by forensic scientist Hailey Newton from the Indiana State Police Lab dated February 14, 2017, indicating a positive test for cocaine. Again, Sowers made no objection, and the court admitted the exhibit.

[4] The jury found Sowers guilty as charged, and the trial court sentenced him to 547 days executed in the Department of Correction.

[5] Sowers now appeals.

# Discussion and Decision

[6] Sowers contends that Exhibit 2 should not have been admitted because the State failed to establish a proper chain of custody of the purported cocaine. Sowers did not object to the admission of Exhibit 2 at trial, and he acknowledges this on appeal. "The purpose of the contemporaneous objection rule is to promote a fair trial by preventing a party from sitting idly by and appearing to assent to an offer of evidence or ruling by the court only to cry foul when the outcome goes against him." *Clark v. State*, 6 N.E.3d 992, 998 (Ind. Ct. App. 2014) (citations omitted). Therefore, when a defendant fails to object at trial and raises a chain-of-custody argument for the first time on appeal, the

argument is waived unless the admission constitutes fundamental error. *Troxell v. State*, 778 N.E.2d 811, 814 (Ind. 2002). Fundamental error is an extremely narrow exception to our waiver rule, and the defendant is faced with the "heavy burden of showing that the alleged errors are so prejudicial to the defendant's rights as to make a fair trial impossible." *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014). "Fundamental error is meant to permit appellate courts a means to correct the most egregious and blatant trial errors that otherwise would have been procedurally barred, not to provide a second bite at the apple for defense counsel who ignorantly, carelessly, or strategically fail to preserve an error." *Id.*

Sowers argues that the trial court committed fundamental error when it admitted Exhibit 2 because "the gaps in chain of custody were far more [than] should be allowed[.]" Appellant's Br. p. 11. "The purpose of requiring a continuous chain of custody from seizure to admission at trial is to lay a proper foundation connecting the evidence with the accused and to negate any substantial likelihood of tampering, loss, substitution, or mistake." *Young v. State*, 508 N.E.2d 24, 26 (Ind. 1987). As the Indiana Supreme Court has explained:

> The State bears a higher burden to establish the chain of custody of "fungible" evidence, such as blood and hair samples, whose appearance is indistinguishable to the naked eye. To establish a proper chain of custody, the State must give reasonable assurances that the evidence remained in an undisturbed condition. However, the State need not establish a perfect chain of custody, and once the State "strongly suggests" the exact whereabouts of the evidence, any gaps go to the weight of the evidence and not to admissibility. Moreover, there is a

presumption of regularity in the handling of evidence by officers, and there is a presumption that officers exercise due care in handling their duties.

*Troxell*, 778 N.E.2d at 814 (internal citations omitted).

[8] Here, even though Sowers never made any objection to the admission of Exhibit 2, let alone a chain-of-custody objection, the State presented several pieces of evidence relevant to the chain of custody. Officer Salaba testified that he found a clear plastic bag on Sowers and handed it to Deputy Donovan, who testified that he handed it to Deputy Yoder. Deputy Yoder testified that he then secured the evidence in the evidence locker. Officer Salaba further testified that the picture of the clear plastic bag in Exhibit 2 was consistent with what he found on Sowers, and Deputy Yoder further testified that he recognized the envelope in the pictures as the envelope he placed the clear plastic bag into, that the initials "JY" on the envelope were his initials, that he wrote "12/23/16" on the envelope to indicate the date that it was sealed, and that only two detectives had access to the evidence locker when the purported cocaine was being held there. Additionally, with respect to who handled the manila envelope containing the clear plastic bag at the laboratory, the Certificate of Analysis presented as Exhibit 3 at trial disclosed the findings of the analysis and was signed by forensic scientist Hailey Newton. The "Laboratory Case Number" on the Certificate of Analysis and the "Lab #" on the bar-code sticker attached to the front of the manila envelope are identical: 17I-00454. *See* Exs. 2, 3. While there are gaps in the chain of custody, they

certainly are not so significant that the admission of Exhibit 2 constituted fundamental error.[1]

[9] Affirmed.

Riley, J., and Bradford, J., concur.

---

[1] The State contends that Sowers "stated that he had no objection to the admission of [Exhibit 2] when it was offered, and thus, he cannot claim now that it was fundamental error for the trial court to admit this exhibit." Appellee's Br. p. 6. The State cites *Halliburton v. State*, where the Indiana Supreme Court held that "the doctrine of fundamental error is inapplicable to the circumstances . . . [where a defendant makes] an express declaration of 'no objection[.]'" 1 N.E.3d 670, 679 (Ind. 2013). However, this decision seems to be in conflict with the Court's more recent decision in *Batchelor v. State*, 119 N.E.3d 550 (Ind. 2019). In any event, because we find no fundamental error, we need not reach this issue.