OCTAVIA ROGERS *v.* STATE OF INDIANA

[No. 478S69. Filed January 3, 1979.]

*Jon Lobdell,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Rollin E. Thompson,* Assistant Attorney General, for appellee.

HUNTER, J.—The defendant, Octavia Rogers, was tried by jury and found guilty of first-degree murder. The jury sentenced her to life imprisonment. The trial court changed the sentence to twenty years' imprisonment. The defendant appeals and presents three issues for our review:

1.  Did the trial court err in denying defendant's motion for a directed verdict?

2.　Did the trial court err in admitting into evidence a post-mortem photograph of the deceased?

3.　Did the trial court err in admitting into evidence a photograph of the victim's porch and residence?

The evidence most favorable to the state shows that on the evening of July 2, 1977, a group of people were gathered on and around the defendant's porch. The defendant called to the deceased, Hallie Brooks (also known as "Buster" or "Bussie") and asked him whether one of her former boyfriends had been seen with another woman at a liquor store. Brooks's reply was in the affirmative. The defendant was called inside to the telephone; when she returned, she told Brooks to go home. Brooks hesitated, trying to talk to the defendant. Defendant again told Brooks to go home; then she hit him and knocked him down. Brooks got up; defendant knocked him down again, and Brooks's head hit the sidewalk. A Reverend Hayden tried to break up the fight, and then he went toward his car. Brooks pulled defendant's wig off, and the defendant said, "Nigger, you pulled my wig off." She pulled an object from her pants and began hitting Brooks with it. The defendant's daughter came from the house, and Brooks started to run away — toward his own house. As he ran away, the defendant shot him in the back. Brooks died on his porch steps.

### I.

Of the four elements necessary for conviction of first-degree murder, the defendant asserts that the state failed to prove premeditation. We have held that premeditation need not continue over a protracted time period but rather may be as instantaneous as successive thoughts. *Owens v. State*, (1975) 263 Ind. 487, 333 N.E.2d 745; *Hendrix v. State*, (1974) 262 Ind. 309, 315 N.E.2d 701. The defendant's actions before the shot was fired, when viewed in conjunction with the evidence that the deceased was retreating, support a reasonable inference of premeditation. After the deceased was shot, the defendant bent to pick up her wig; she was heard to mutter, "Jive so and so, nigger, going to take my wig off." A reasonable inference to be drawn from this statement, in context, was that the defendant purposefully aimed the gun and shot Brooks in retaliation. Since Brooks was *leaving* the

defendant's premises at the time he was shot, any provocation which the defendant might argue engendered her actions was insufficient. The defendant was the aggressor in the altercation. The totality of the circumstances showed that the defendant was capable of "cool reflection." See *Dickens v. State*, (1973) 260 Ind. 284, 295 N.E.2d 613; *Love v. State*, (1977) 267 Ind. 302, 369 N.E.2d 1073. The element of premeditated malice was sustained. The trial court did not err in denying the defendant's motion for a directed verdict.

## II.

Next the defendant argues that the court erred in admitting two photographs — one of the porch and steps of the deceased's residence and the other of the deceased. Witnesses testified regarding the objects and scenes depicted in the photographs. Thus, the photographs were clearly relevant. *White v. State*, (1978) 269 Ind. 479, 381 N.E.2d 481. Admission of photographs is within the sound discretion of the trial court and will not be disturbed unless the trial court abused its discretion. *Wilson v. State*, (1978) 268 Ind. 112, 374 N.E.2d 45. There was no abuse of discretion here.

## III.

Upon appeal, the state argues that the trial court erred in imposing a twenty-year sentence in light of the jury's recommendation of life sentence. There was error. The crime was committed on July 2, 1977. At that time, Ind. Code § 35-13-4-1 (Burns 1975) was in effect. That statute provides that whoever "is guilty of murder in the first degree and, on conviction, *shall be imprisoned in the state prison during life. . . .*" (Emphasis added.) The trial judge had no authority to sentence the defendant for any other period. Since the error in the sentence is fundamental and apparent on the face of the record, we consider it for the first time on appeal. *Beasley v. State*, (1977) 267 Ind. 396, 370 N.E.2d 360. We concluded that the sentence in this case should be corrected in accordance with Ind. Code § 35-13-4-1 (Burns 1975). *See Vawter v. State*, (1972) 258 Ind. 168, 279 N.E.2d 805.

Now, therefore, this cause is remanded to the trial court with instructions and for further proceedings not inconsistent with this opinion. In all other aspects, the judgment of the trial court is affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE—Reported at 383 N.E.2d 1035.