**Paul ABRON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–9105–CR–223.**

Court of Appeals of Indiana,
Second District.

May 19, 1992.

Transfer Denied June 24, 1992.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., and Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Paul Abron was convicted .of Dealing in Cocaine, a Class B felony,[1] and Possession of Cocaine, a Class D felony.[2]  In addition, Abron was adjudged by the jury to be an

---

1.  I.C. 35–48–4–1 (Burns Code Ed.Supp.1991).

2.  I.C. 35–48–4–6 (Burns Code Ed.Supp.1991).

habitual offender pursuant to I.C. 35–50–2–8 (Burns Code Ed.Supp.1991) based upon prior unrelated convictions for Theft[3] and Carrying a Handgun Without a Permit,[4] both Class D felonies. Upon appeal, Abron challenges the trial court's conviction upon the charge of Possession on grounds that the charge was an inherently included lesser offense of the Dealing charge. The State in turn challenges the trial court's failure to reflect Abron's habitual offender status in the sentence imposed.

We remand with instructions to vacate the Possession conviction and to reconsider the sentence in light of our discussion of the habitual offender statute.

On February 23, 1990, Abron flagged down two undercover police officers of the Indianapolis Police Department and told them he could obtain cocaine for them. The officers said they wanted fifty dollars worth. Abron got into the officers' car and directed them to drive to a house. After arriving at the house, the officers paid Abron twenty dollars. Abron went into the house and returned two minutes later. The three drove on and the officers gave Abron the rest of the money. Abron gave the officers the cocaine, whereupon he was arrested.

### I. *The Possession Conviction*

■ Abron urges the reversal of his conviction for Possession upon the ground that it was a lesser included offense of the Dealing charge.

I.C. 35–48–4–1 provides:

"(a) A person who:

(1) Knowingly or intentionally:

(A) Manufactures;

(B) Finances the manufacture of;

(C) Delivers; or

(D) Finances the delivery of;
cocaine ...; or

(2) Possesses, with intent to:

(A) Manufacture;

(B) Finance the manufacture of;

(C) Deliver; or

(D) Finance the delivery of;
cocaine ...;

commits dealing in cocaine ... a Class B felony...."

■ Possession of a Narcotic Drug is an inherently included lesser offense of Dealing in a Narcotic Drug because it is impossible to commit the greater offense without committing the lesser offense. *Mason v. State* (1989) Ind., 532 N.E.2d 1169, 1172, *cert. denied* 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428. Where the conviction of a greater crime cannot be had without commission of the lesser crime, double jeopardy considerations bar separate conviction and sentencing upon the lesser crime when sentencing is imposed upon the greater.[5] *Id.*

Abron was convicted of both Possession of Cocaine and Dealing in Cocaine. The same facts supporting the Possession charge were used to support the possession element of the Dealing charge.

At sentencing, the trial judge stated:

"[T]he D, Possession merges in the B, Dealing, because it's the same Cocaine on the same day. Therefore, Mr. Abron will not be sentenced on Count II, Possession. *He will not be sentenced, and the conviction is set aside. The D, Possession stays, but he can't be sentenced on it.*" (Emphasis supplied.) Record at 291.

This statement leaves it unclear as to whether Abron's conviction on the Possession charge was vacated or whether the court simply declined to sentence him upon it. However, *Mason* mandates that Abron cannot be convicted of both Possession and Dealing upon these facts.

The State asserts that *Mason* is distinguishable from the case at bar because Mason was convicted *and sentenced* upon charges of Dealing in a Narcotic Drug and Possession of a Narcotic Drug, whereas Abron, although convicted of both offenses, was only sentenced upon the Dealing charge. However, the *Mason* court

---

3. I.C. 35–43–4–2 (Burns Code Ed.Supp.1991).

4. I.C. 35–47–2–1 (Burns Code Ed.Supp.1991); I.C 35–47–2–23(c) (Burns Code Ed.1985).

5. Conviction for the lesser offense is also barred in these circumstances by I.C. 35–38–1–6 (Burns Code Ed.1985).

remanded to the trial court for a new sentencing order including an order vacating *the conviction and sentence* imposed for the possession count. *Mason, supra,* 532 N.E.2d at 1172.

We acknowledge that a trial court might understandably prefer not to vacate a conviction of a lesser offense in light of a conviction on the greater offense if there is any likelihood of an appellate reversal of the greater conviction. If, in such instance, there was no conviction of record on the lesser offense, quite obviously such conviction could not be affirmed. While the appellate forum, in reversing the greater conviction, might remand, giving authority to the trial court to enter a conviction upon the lesser offense, trial courts are not required to be so clairvoyant as to anticipate that prospect.

The Dealing conviction has not been challenged. Therefore, the conviction upon the lesser included offense of Possession is not sustainable upon these facts. Since it is unclear whether the trial court vacated the Possession conviction, we remand the case with instructions to vacate the conviction for Possession, a Class D felony, pursuant to I.C. 35–48–4–6.

## II. *Sentencing upon the Habitual Offender Count*

In the second part of the trial, the jury adjudged Abron to be an habitual offender pursuant to I.C. 35–50–2–8. At sentencing, however, the trial court declined to enhance Abron's sentence. The court apparently concluded that the statute required one of the prior alleged felonies to be greater than a class D felony, and therefore, that the jury's determination could not be sustained under the statute.

In its brief, the State argues that this action of the trial court was reversible error. Before addressing the question upon the merits, however, we must determine whether the issue is properly before us for review.

### A. *Preservation of the Issue upon Appeal*

The trial court stated in the record that "[t]he Habitual must be set aside." Record at 291. However, our Supreme Court has repeatedly held that the habitual offender statute does not create a separate offense, nor does it carry with it a separate sentence. *Lewis v. State* (1987) Ind., 512 N.E.2d 1092; *Smith v. State* (1981) Ind., 422 N.E.2d 1179. Instead, it merely provides a vehicle to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies. *Powers v. State* (1989) Ind., 539 N.E.2d 950, 952, *rehearing denied.* Thus, the trial court's act of "setting aside" the habitual offender determination in reality constituted a refusal to enhance Abron's sentence upon the Dealing charge rather than a finding that the jury erred.

I.C. 35–50–2–8(e) (Burns Code Ed.Supp. 1991) provides:

"The court *shall* sentence a person found to be an habitual criminal to an additional fixed term of thirty (30) years imprisonment to be added to the term of imprisonment.... If the court finds that ten (10) years or more have elapsed between the date the person was discharged from probation, imprisonment, or parole (whichever is later) for the last prior unrelated felony conviction and the date the person committed the felony for which the person is being sentenced as an habitual offender, then the court may subtract up to twenty-five (25) years from the additional fixed term of thirty (30) years. *If at least one (1) of the offenses relied upon to establish that the person has accumulated two (2) prior unrelated felonies is a Class D felony, then the court may subtract up to ten (10) years from the additional fixed term of thirty (30) years.* If the felony for which the person is being sentenced is a Class D felony, then the court may subtract up to twenty (20) years from the additional fixed term of thirty (30) years." (Emphasis supplied.)

Abron was convicted of Dealing, a Class B felony. The two prior alleged felony convictions were for Theft, a Class D felony, and Carrying a Handgun Without a License, a Class D felony. The most recent conviction, Carrying a Handgun Without a License, occurred on April 17, 1986. Thus,

assuming that the statute permitted the jury to adjudge Abron to be an habitual offender upon the basis of the two prior unrelated class D felonies coupled with the class B conviction, subsection (e) *required* the trial court to enhance Abron's sentence by at least 20 years.

In general, the State must abide procedural rules in order to preserve an issue for appeal, and may not simply inject the issue upon a defendant's appeal. *Griffin v. State* (1986) Ind., 493 N.E.2d 439, 443.

Furthermore, the State may appeal only those matters specifically authorized by I.C. 35–38–4–2 (Burns Code Ed.1985). *State v. Holland* (1980) 273 Ind. 284, 403 N.E.2d 832, 833. We need not determine whether the issue falls within the statute, however, because a trial court's failure to sentence a defendant in accordance with statutory requirements constitutes fundamental error, and may therefore be presented by the State for the first time upon appeal. *Rogers v. State* (1979) 270 Ind. 189, 383 N.E.2d 1035, 1036 (*Rogers* I), *aff'd; Rogers v. State* (1991) Ind., 570 N.E.2d 906, 910, *rehearing denied.* (*Rogers* II).

Therefore, the issue is before us upon appeal even though the State failed to object at the sentencing hearing or to file a motion to correct an erroneous sentence pursuant to I.C. 35–38–1–15 (Burns Code Ed.1985). Correction of fundamental error is not dependent upon advantage for the defendant. *Moon v. State* (1977) 267 Ind. 27, 366 N.E.2d 1168. It is also noteworthy that the *Rogers I* court addressed the fundamental sentencing error raised by the State without any discussion of I.C. 35–38–

4–2. *Rogers, supra,* 383 N.E.2d at 1036. Therefore, we must address the issue upon the merits.[6]

## B. *The Habitual Offender Determination*

I.C. 35–50–2–8 provides in relevant part:

"(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

\* \* \* \* \* \*

(d) A person is an habitual offender if the jury ... finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions.

\* \* \* \* \* \*

(h) A person may not be sentenced as an habitual offender under this section if *all* of the felonies relied upon for sentencing the person as an habitual offender are Class D felonies." (Emphasis supplied.)

In the instant case, the trial court stated:

"The Habitual must be set aside, because the Prosecutor's Office alleged two D's, (sic) the prior D felonies. They didn't allege that Battery, that six (6) year job from December of '85." Record at 291.

As earlier noted, the trial court apparently concluded, in reliance upon subsection (h), that the habitual offender conviction could not be sustained because *the two prior felonies* alleged were both class D felonies.[7] However, a conviction may be sus-

---

**6.** We do not interpret Ind.Appellate Rule 17 to prevent our review in this case. The Rule provides in relevant part:

"APPELLATE RULE 17. REVIEW OF SENTENCES

(A) Availability, Court.

(1) Appellate review of the sentence imposed on any criminal defendant convicted after the effective date of this rule is available as this rule provides.

(2) Appellate review of sentences under this rule may not be initiated by the State."

We conclude that the Rule prevents appellate courts from arbitrary vacation of sentences imposed by a trial court acting within its discretion. *See Smith v. State* (1991) 2d Dist.Ind.App., 580 N.E.2d 298, 302–03, *rehearing denied. See also* App.R. 17, section B, Scope of Review. On the other hand, where the trial court fails to comply with a statutory mandate in sentencing a defendant, the error is fundamental and App.R. 17 is inapplicable, regardless how the matter comes to our attention.

**7.** This conclusion may have been occasioned by I.C. 35–50–2–7.1(a) (Burns Code Ed.Supp.1991),

tained under I.C. 35–50–2–8(h) where any of the three convictions underlying the habitual offender charge, i.e., the two prior convictions and the present conviction, are greater than a class D felony.[8] *Moredock v. State* (1987) Ind., 514 N.E.2d 1247, 1251. Therefore, the habitual offender finding was appropriate under I.C. 35–50–2–8 and Abron should have been sentenced pursuant thereto.

In sentencing Abron upon the Dealing conviction, the trial court enhanced the sentence to the maximum, citing Abron's past record as an aggravating circumstance. Although the trial court cited other aggra-

vating circumstances and Abron had prior convictions other than the two alleged in the habitual offender charge, we cannot say that the court would have given Abron the maximum sentence upon the Dealing charge if it had also enhanced the sentence by reason of the habitual offender finding. When, as here, we cannot say with confidence that the permissible aggravating circumstances would have led to the same result, we are compelled to remand for resentencing by the trial court. *Day v. State* (1990) Ind., 560 N.E.2d 641.

The conviction upon the Possession charge is reversed. The conviction upon

the habitual class D felony offender statute, which provides:

> "The state may seek to have a person sentenced as an habitual Class D felony offender by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated Class D felony convictions."

This section does not state that the present felony conviction must be upon a class D felony. Thus, there appears to be some overlap between the statutes, where, as here, the two prior felony convictions are class D felonies but the present conviction is for a higher ranked felony. We need not decide whether a defendant may be sentenced under I.C. 35–50–2–7.1 when the present underlying felony is greater than a class D felony, and if so, whether discretion lies in the prosecutor or the judge to choose which statute to use to support the habitual offender sentence enhancement in such a case. Those issues are not before us. We merely note that the trial court's conclusion may have been occasioned by a belief that the statutes could not, or were not intended to, overlap.

8. In *Johnson v. State*, (1992) 3d Dist.Ind.App., 585 N.E.2d 1352, our Third District construed the "all felonies" language of the uncodified Savings Clause of the 1985 amendment to the habitual offender law, which was enacted along with I.C. 35–50–2–8(h) and I.C. 35–50–2–7.1. The Clause, which limits the application of I.C. 35–50–2–8(h), provides in relevant part:

> "(b) If *all of the felonies that are relied upon for sentencing a person as an habitual offender under IC 35–50–2–8* are felonies that were committed before September 1, 1985, the felonies shall be prosecuted and remain punishable under IC 35–50–2–8 as if this act had not been enacted." (Emphasis supplied.) P.L. 328–1985, SECTION 3.

The panel majority construed the emphasized language to include only the prior felonies and not the present felony underlying the habitual offender enhancement, concluding that the Savings Clause would be useless and ineffectual if the language "all the felonies" was construed to

include the present conviction. *Id.* at 1354. The dissent concluded that the language should be construed to include the present conviction. The dissent reasoned that the Savings Clause would not be a nullity under such a construction because it would affect the rights of defendants whose trials and appeals were pending at the time of enactment but whose crimes were committed before the effective date. *Id.* at 1355–56.

We agree with the dissent. Construing "all felonies" to include the present felony in interpreting I.C. 35–50–2–8 is consistent with the reading our Supreme Court gave the statute in *Moredock, supra,* and our decision in *Jones v. State* (1991) 2d Dist.Ind.App., 569 N.E.2d 975. We agree that such a construction would not render the Savings Clause a nullity, not only for the reason cited by the *Johnson* dissent, but also because the Clause bars relief to post-conviction petitioners who might otherwise be granted retroactive relief under the ameliorative 1985 amendment. *See Parsley v. State* (1980) 273 Ind. 46, 401 N.E.2d 1360, 1361, *cert. denied* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79. (Held, upon appeal of a petition for post-conviction relief, a substantially similar Savings Clause in an ameliorative sentencing statute enacted after the finalization of the petitioner's conviction barred him from enjoying the retroactive benefit of the statute.) In addition, our interpretation is consistent with the language of subsection (e) which provides in pertinent part:

> "If *at least one (1)* of the offenses relied upon to establish that the person has accumulated two (2) prior unrelated felonies is a Class D felony, then the court may subtract up to ten (10) years from the additional fixed term of thirty (30) years." (Emphasis supplied.)

This language clearly contemplates the possibility that both of the prior felonies may be class D felonies.

We conclude that in interpreting I.C. 35–50–2–8, the "all felonies" language must be construed throughout the statute as referring to the underlying present conviction as well as the two prior convictions.

the Dealing charge is affirmed. The habitual offender determination is reinstated. The sentence upon the Dealing charge is vacated, and the cause is remanded to the trial court for resentencing upon the Dealing charge in light of the habitual offender determination.

SHIELDS, J., concurs.

CHEZEM, J., concurs in result.