Travis L. STEPHENS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 49S02–0404–CR–152.

Supreme Court of Indiana.

Dec. 10, 2004.

Kurt A. Young, Nashville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General of Indiana, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Travis Stephens was sentenced to ten years in prison, with four years of that sentence suspended to probation. After serving the time in prison, he violated the terms of his probation. The court revoked his probation and ordered him to serve an additional three years. The Court of Appeals held that when the court revoked his probation, it was required to order him to serve the full four

years originally suspended and nothing less. We hold that the probation revocation statute permits a trial court to order a defendant to serve less than the entire amount of a suspended sentence when it revokes the defendant's probation.

## Background

Defendant Travis L. Stephens pled guilty to one count of Child Molesting, a Class B felony.[1] On March 22, 2001, the trial court sentenced him to ten years in prison, four years of which were suspended, during which Defendant was placed on probation. Defendant's probation began in April, 2002.[2] One of the conditions of his probation was that he attend psychosexual counseling. Defendant missed two counseling sessions, after which a hearing was held and he was advised that if he missed another session without permission, a Notice of Probation Violation would be filed and a warrant would be issued for his arrest. Defendant failed to attend another counseling session on October 5, 2002, and a Notice of Probation Violation was filed on October 11, 2002.

At the probation violation hearing on March 21, 2003, Defendant admitted that he had missed the counseling session and that while on probation, he had been arrested and convicted of Driving While Suspended. The State recommended that the court require Defendant to serve the entire amount of the four-year sentence originally suspended. After hearing from Defendant, the court found "that Mr. Stephens has admitted the violations alleged here, one that he's gotten a driving while license suspended and two, that he's failed to attend his psychosexual treatment." Tr. at 11. The court "revoke[d] his probation and ... sentence[d] him to three years in the department of corrections."

The court "g[ave] him credit because he[ ] admitted the [ ] allegations and ... jail time credit of ninety days." *Id.* at 11–12. The Chronological Case Summary for March 21, 2003, reflects the following:

> Court finding Defendant to have violated conditions of probation, Court now revokes probation and ORDERS Defendant committed on sentence heretofore imposed:
>
> As to Count 001, Sentence imposed 3 Y[ears];
>
> Executed 1095 D[ays]; Suspended 0 Y[ears].
>
> [ ... ]
>
> Defendant ordered committed to Department of Correction and given 90 days credit time.

Appellant's App. at 39.

As is apparent from the foregoing, the three-year sentence ordered by the trial court was less than the entire amount of the four-year sentence originally suspended. There is nothing on the record suggesting that the State objected to this disposition.

Defendant appealed, arguing that the sentence of three years following revocation of his probation was unreasonable given the nature of the violations and his character. The State cross-appealed, arguing that if the trial court revokes a defendant's probation as it did here, it has no jurisdiction to order the defendant to serve anything less than the entire amount of the sentence originally suspended. The Court of Appeals rejected Defendant's claim; it went on to hold that when a trial court revokes probation, it is required to order the defendant to serve the entire sentence originally suspended. *Stephens v. State,* 801 N.E.2d 1288, 1292 (Ind.Ct.

---

1. Ind.Code § 35–42–4–3(a) (2004).

2. He had accumulated 468 days of credit for time served prior to sentencing.

App.2004). We granted transfer, 812 N.E.2d 801 (Ind.2004), and we now affirm the trial court.

## Discussion

### I

■ Our principal interest in this case is the authority of the trial court to order a defendant to serve less than the entire amount of a previously-suspended sentence upon revocation of probation. Before reaching that issue, we dispose of three ancillary ones.

### A

■ Defendant contends that his sentence is "unreasonable given the nature of the violations and the character of the offender." Br. of Appellant at 1, 5. The State contends that this is an impermissible collateral attack on Defendant's sentence. The State is correct that a defendant cannot collaterally attack a sentence on appeal from a probation revocation. *See Schlichter v. State*, 779 N.E.2d 1155 (Ind.2002). But that is not Defendant's claim here. He challenges only the portion of the sentence ordered to be served after his probation was revoked and not his original sentence. A defendant is entitled to dispute on appeal the terms of a sentence ordered to be served in a probation revocation proceeding that differ from those terms originally imposed.

### B

■ Defendant contends that the State has no authority to challenge the fact that the trial court ordered him to serve a three-year term in prison following revocation of his probation. Court rule and statute govern the State's right to appeal in criminal cases. "The State may not initiate an appeal of a sentence, but may cross-appeal where provided by law." Ind. Appellate Rule 7(A). The Indiana Code governs appeals by the state.[3] Here, the State appealed on grounds that the trial court did not have authority to order the sentence it did because it lacked jurisdiction and that the new sentence imposed was improper, neither of which are grounds listed in the statute. However, there is a line of cases that hold that when the State claims that a trial court failed to sentence a defendant in accordance with statutory requirements, the State may raise that claim for the first time on appeal. *Rogers v. State*, 270 Ind. 189, 383 N.E.2d 1035, 1036 (1979); *Lewis v. State*, 769 N.E.2d 243, 247 n. 5 (Ind.Ct.App.2002), *transfer denied; Abron v. State*, 591 N.E.2d 634, 638 (Ind.Ct.App.1992), *transfer denied*. That is essentially the State's

---

3. Indiana Code Section 35–38–4–2 provides:

   Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:
   (1) From an order granting a motion to dismiss an indictment or information.
   (2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.
   (3) From an order granting a motion to correct errors.
   (4) Upon a question reserved by the state, if the defendant is acquitted.
   (5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.
   (6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:
   (A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;
   (B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or
   (C) the remedy by appeal after judgment is otherwise inadequate.
   I.C. § 35–38–4–2.

claim here, and so precedent dictates that it is properly before us.[4]

### C

██ The Court of Appeals appears to have viewed the ordering of the three-year term following revocation of probation (rather than imposing the original four-year suspended term) to have been a reduction in Defendant's sentence. Indiana Code Section 35–38–1–17 [5] governs the authority of trial courts to reduce or suspend sentences after a defendant begins serving a sentence. The Court of Appeals said that because more than 365 days had elapsed since Defendant began serving his sentence, Indiana Code Section 35–38–1–17 deprived the trial court of "jurisdiction over [a] defendant insofar as the alteration of the defendant's sentence is concerned." *Stephens v. State*, 801 N.E.2d 1288, 1290 (Ind.Ct.App.2004).

Indiana Code Section 35–38–1–17 does not deprive a trial court of jurisdiction to alter a defendant's sentence once more than 365 days have elapsed after the defendant began serving a sentence. As the text of subsection (b) of the statute set forth in footnote 5 indicates, the statute simply imposes additional conditions on the alteration of a sentence if more than 365 days have passed. The most important of those conditions is that the approval of the prosecuting attorney is required.

This was a probation revocation proceeding and the trial court clearly had jurisdiction to proceed as it did. *See* Ind. Code § 35–38–2–3(a) (2004). While we view probation revocation proceedings under Indiana Code Section 35–38–2–3(a) as separate and distinct from reduction proceedings under Indiana Code Section 35–38–1–17, we do not rule out the possibility that Indiana Code Section 35–38–1–17(b) might be implicated in some probation revocation proceedings where the prosecuting attorney objects to the sentence ordered following revocation. But there is no suggestion of that happening here.

### II

To reiterate, Defendant here was sentenced to ten years, six of which were to be served in prison and four of which were suspended and to be served on probation. After Defendant served his time in prison, but while still on probation, he committed several probation violations. The trial court concluded that the appropriate sanction for those violations was that Defendant's probation be revoked altogether and that he serve three years in prison.

The Court of Appeals held that such a result was contrary to law. The Court of Appeals reached this result by examining

---

**4.** Defendant also claims that the State waived this argument by failing to raise it in the trial court. Given our disposition of the case, we do not address this argument.

**5.** Indiana Code Section 35–38–1–17 provides in part:

(a) Within three hundred sixty-five (365) days after ... the defendant begins serving his sentence[, ...] the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

(b) If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. However, if in a sentencing hearing for a defendant conducted after June 30, 2001, the court could have placed the defendant in a community corrections program as an alternative to commitment to the department of correction, the court may modify the defendant's sentence under this section without the approval of the prosecuting attorney to place the defendant in a community corrections program under I.C. 35–38–2.6.

I.C. § 35–38–1–17.

Indiana Code Section 35–38–2–3(g), the "probation revocation" statute alluded to above. That statute provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:
>
> (1) continue the person on probation, with or without modifying or enlarging the conditions;
>
> (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or
>
> (3) order execution of the sentence that was suspended at the time of initial sentencing.

I.C. § 35–38–2–3(g). The Court of Appeals held that because the trial court "expressly revoked" Defendant's probation, the only course available to it was to order Defendant to serve the entire four years of the sentence that was originally suspended. It reached that result by reading clause (3) to provide " . . . the court *must* [rather than may] order execution *of the entire amount* of the sentence that was suspended at the time of initial sentencing."

The Court of Appeals then turned its attention to another statute, Indiana Code Section 35–38–2–2.3, which sets forth a list of permissible conditions for probation. The court said that under the condition contained in subsection (c),[6] the trial court could have ordered Defendant to serve less than the entire amount of the four-year sentence originally suspended—that is, the trial court could have done exactly what it did here—if only it "had not revoked [Defendant's] probation but had opted to mod-ify the conditions of his probation instead." *Stephens*, 801 N.E.2d at 1292.

As the preceding paragraphs make clear, the Court of Appeals reads the trial court's authority following a probation violation to be a door that swings one way: so long as the court keeps the defendant on probation, it has flexibility as to the additional prison term it can order; if it revokes probation, it has no such flexibility. For example, in the case before us, the Court of Appeals says that the legislative scheme permits the trial court to order an additional three-year term if it keeps Defendant on probation, but it does not permit the trial court to order a three-year term if it revokes probation.

This interpretation does not seem to us to be compelled by the language of the statute. As noted above, the language of the statute says that "the court may . . . order execution of the sentence that was suspended at the time of initial sentencing." I.C. § 35–38–2–3–(g)(3). The Court of Appeals interpretation requires changing "may" to "must" and modifying "sentence" with the adjective "entire."

As to the Legislature's intent here, we have previously observed that probation serves the humane purposes of avoiding incarceration and of permitting the offender to meet the offender's financial obligations. *Cox v. State*, 706 N.E.2d 547, 550 (Ind.1999). In making this observation, we also pointed out that for probation to be a viable option for Indiana judges, judges must have the ability to move with alacrity to protect public safety when adjudicated offenders violate the conditions of their sentences. *Id.* The statutory scheme, it seems to us, reflects the Legislature's intent that trial courts have the flexibility both to use and to terminate

---

**6.** "As a condition of probation, the court may require that the person serve a term of imprisonment in an appropriate facility at the time or intervals (consecutive or intermittent) within the period of probation the court determines." I.C. § 35–38–2–2.3(c).

probation when appropriate. To be more explicit, the statutory scheme seems to us to be sufficiently flexible to permit a trial court to order the same amount of executed time following a probation violation whether or not it actually revokes probation.

We can envision the following possible explanations for what went on in this case:

- The trial court, when initially considering Defendant's sentence, concluded that nine years executed time would be an appropriate sentence but nevertheless suspended a portion of the time, perhaps to assist the Defendant in meeting his financial obligations. However, in return for the reduction in the amount of executed time from nine to six years, the court concluded that four years of probation would be required after the sentence was served—and so imposed a total sentence of ten years. Once the Defendant demonstrated that he was not an appropriate candidate for probation by violating its terms, the trial court reverted to its original conclusion that a total of nine years executed time was the appropriate amount.
- The trial court, having concluded that Defendant's probation should be revoked, nevertheless found that the nature of the probation violations was not so great as to warrant an additional four-year term. As to whether Defendant should be placed on probation again after serving the additional time, the court concluded that the cost to an over-burdened probation system of gearing up for and supervising Defendant for one year would be far

greater than the public safety risk posed.

- While Defendant is not entitled to any credit toward sentence of the time spent on probation once he violated its conditions, the trial court decided to give him some credit for his relatively good behavior.

These are all hypothetical possibilities—the record is insufficient for us to say that they reflect what went on here—but we think they illustrate some of the wide variety of considerations that the Legislature intends for Indiana judges to reflect upon during the thousands of sentencing and probation revocation proceedings over which they preside each year.[7] That this, in fact, occurs is illustrated by the many reported appellate cases in which trial courts had ordered less than the entire amount suspended sentence after revoking probation.[8] *See Carter v. State,* 706 N.E.2d 552, 553 (Ind.1999); *McKnight v. State,* 787 N.E.2d 888, 891, 893 (Ind.Ct. App.2003); *Brattain v. State,* 777 N.E.2d 774, 775–78 (Ind.Ct.App.2002); *Kincaid v. State,* 736 N.E.2d 1257, 1258–59 (Ind.Ct. App.2000); *Louth v. State,* 705 N.E.2d 1053, 1054, 1056, 1060 (Ind.Ct.App.1999).

■ We hold that a trial court has the statutory authority to order executed time following revocation of probation that is less than the length of the sentence originally suspended, so long as, when combined with the executed time previously ordered, the total sentence is not less than the statutory minimum. Here, the three-year term imposed following revocation of Defendant's probation, when combined

---

7. On the felony side alone, Indiana courts ordered probation more than 29,000 times in 2003–and revoked it more than 6,500 times. Indiana Supreme Court, Division of State Court Administration, *Indiana Judicial Service Report–Probation* (2003).

8. In none of these cases did the State question the trial court's authority to order such a sentence.

with the six-year term previously imposed (and satisfied), is greater than the statutory minimum (six years) for a Class B felony. I.C. § 35–50–2–5. The trial court had authority to order the three-year term.

### III

In the Court of Appeals, Defendant claimed that the additional three-year sentence for his probation violations was "unreasonable given the nature of the violations and the character of the offender." Br. of Appellant at 1, 5. Given the outcome in the Court of Appeals, it is not surprising that he does not review this argument to us on transfer. Nevertheless, under Indiana Appellate Rule 58(A), once transfer is granted, this court has jurisdiction over all issues in the appeal as if the case was initially filed in this court.

We have reviewed the facts of the case and find the trial court's reasoning for the sentence imposed to be persuasive.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.