BOEHM, Justice,
dissenting.
I respectfully dissent. The majority holds that the State may challenge what it contends to be an illegal sentence by raising the issue in its appellee's brief in the Court of Appeals, even though the issue was never presented to the trial court. I agree that longstanding precedent permits the State to raise sentencing errors in a cross-appeal of a defendant's direct appeal. Stephens v. State, 818 N.E.2d 936, 940 (Ind.2004) (citing Rogers v. State, 270 Ind. 189, 191, 383 N.E.2d 1035, 1036 (1979)); Ind. Appellate Rule 7(A). However, I would not permit the State to appeal an erroneous sentence without first raising the issue in the trial court.
Stephens explicitly declined to address whether the State waives a sentencing challenge by failing to raise it in the trial court. 818 N.E.2d at 940 n. 4. This Court had previously addressed the issue inconsistently. In Rogers the sentence imposed was provided by a law that was not in effect at the time of the crime and therefore was erroneous as a matter of law. 270 Ind. at 191, 383 N.E.2d at 1086. The Court viewed this sentence as fundamental error and permitted the State to challenge it on appeal without having presented the issue to the trial court. Id. But in Griffin v. State, 493 N.E.2d 489 (Ind.1986), we reached a different conclusion. In that case, the trial court incorrectly sentenced the defendant for two class B felonies in lieu of two class A felonies. Id. at 448. The State appealed the sentence, having objected in the trial court but without filing a motion to correct the sentence. Then-Justice Shepard wrote
This Court has consistently held that certain procedural mechanisms must be followed to preserve an issue for appellate review. Failure to abide by these procedural rules has often resulted in waiver of the issue. In this case, the State did object to the trial court's decision to reduce appellant's convictions to class B felonies. However, the State did not pursue this issue any further until it raised the question in the brief it filed in Griffin's appeal. One may not piggyback an issue on his opponent's appeal. *405 In order to preserve the issue of an erroneous sentence for appellate review, the State is required to file a written motion to correct the sentence, accompanied by a memorandum of law which specifically delineates the defect in the original sentence. Ind.Code § 35-38-1-15 (Burns 1985).
Id. at 448-44. For the reasons explained below, I would follow Griffin and require that the State follow the procedure authorized in Griffin or pursue a motion to correct error under Trial Rule 59 to preserve its right to challenge a sentence on appeal.
We do not ordinarily allow parties to raise issues for the first time in an appellate court. Cavens v. Zaberdac, 849 N.E.2d 526, 533 (Ind.2006); Endres v. Ind. State Police, 809 N.E.2d 320, 322 (Ind. 2004) (per curiam). This is based on several fundamental considerations, including the desirability of getting the trial court's views on the subject, giving the trial court the opportunity to correct any errors and obviate the need for appeal, and a concern that all facts bearing on an issue that was not raised in the trial court may not be fully developed. Endres 809 N.E2d at 322 (citing the advantages of preserving judicial resources, fully developing the ree-ord, utilizing the trial court's fact-finding expertise, and assuring that a claim is tested by the adversary process); of Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (citing the advantages of allowing parties to present all legal arguments and avoiding surprise on appeal). I believe the reasons for this rule apply equally here and that permitting the State to resurrect a dead issue in its appellee's brief raises some undesirable collateral issues.
As Judge Patrick Sullivan pointed out in his dissent in the Court of Appeals, Hardley v. State, 893 N.E.2d 1140, 1148-49 (Ind.Ct.App.2008), the issue the State seeks to raise is not apparent on the face of the judgment. The State tells us in its appellee's brief that Hardley was charged with theft, released on his own recognizance, and then charged with confinement and convicted of both theft and confinement. The error the State alleges is failure to impose consecutive sentences as dictated by Indiana Code section 35-50-1-2(d)(2)(A), which requires consecutive sentences if an offender charged with one crime commits a second offense while released on the offender's own recognizance pending disposition of the first charges. In order to determine whether this provision applies to Hardley, we must know whether Hardley was in fact at large on his own recognizance when he committed the confinement. The appendix in this case reflects that fact, and I have no reason to question the State's claim. But human error, perhaps simply a clerical error, is possible even in an apparently routine issue such as this. If no issue was raised as to Hardley's status at the time of the confinement, its significance may have escaped both the trial court and the parties, and they should have the opportunity to address it. Permitting the issue to be raised on appeal converts the appellate court into a hearing office.
Perhaps equally important, the requirement to raise an issue or forego it promotes judicial economy by getting the issues out on the table at the outset, rather than requiring review on incomplete or even inaccurate assumptions. As this Court stated in Robinson v. State,
When an error related to sentencing oceurs, it is in the best interests of all concerned that it be immediately discovered and corrected. Other than an immediate motion to correct sentence, such errors are best presented to the trial court by the optional motion to correct error under Indiana Trial Rule 59, or *406 upon a direct appeal from the final judgment of the trial court pursuant to Indiana Appellate Rule 9(A).
805 N.E.2d 783, 786 (Ind.2004). In cases such as Hardley's, where the sentence is not "erroneous on its face," a motion to correct sentence is not an available remedy. Id. The defendant and the State must raise any claim of error within the thirty-day time limit to file a motion to correct error or notice of appeal. Ind. Trial Rule 59(C); App. R. 9(A). At present the State is limited in the issues it may raise on appeal. If the State wishes to expand its ability to challenge sentences it may seek additional authority from the General Assembly. It does not seem unreasonable to require the State to speak up within thirty days or forever hold its peace as to claimed sentencing errors that are not apparent on the face of the judgment. The reasons for that requirement are particularly forceful where, as here, the claimed error in the sentence cannot be resolved without some factual determinations, but I would impose the requirement in all cases. The benefit of encouraging the State to review the sentence and raise an error promptly outweighs the occasional windfall to a defendant erroneously given an incorrectly lenient sentence.
The majority suggests that the current framework permits trial courts to impose illegal sentences without any supervision. I see no reason to be concerned that our trial courts will not correct any errors that are called to their attention as a motion to correct error permits. But in the unlikely event that we suffer an epidemic of willfully incorrect sentencing, the General Assembly will respond appropriately. And enforcing the requirement to preserve error by raising it in the trial court will encourage the State to pay attention to sentencing and call any errors to the trial court's attention in a timely fashion.
Finally, it seems to me that opening the door to sentencing challenges by the State in its appellee's brief or by cross-appeal creates some additional problems. If defense counsel have what they consider to be substantial grounds for appeal on issues unrelated to the sentence, they must weigh the value of raising those issues by appeal against the risk of reopening the State's opportunity to extend the sentence. Whether the decision is to appeal and risk an enhanced sentence, or not to appeal and forego a potential reversal, the opportunity for further litigation over the effectiveness of defense counsel is enhanced. Moreover, raising an issue for the first time in an appellee's brief in the Court of Appeals, as was done in this case, requires the defendant to use space in a reply brief to respond for the first time.
For the foregoing reasons, I would affirm the sentence imposed by the trial court.
RUCKER, J., concurs.