**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jun 28 2013, 10:55 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY D. SWAGGER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1212-CR-1018 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Frederick A. Schurger, Special Judge
Cause No. 90C01-0410-FA-6

**June 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Gregory D. Swagger was serving four years of probation as part of his sentence for a class B felony child molesting conviction. The State alleged that he violated his probation, and he admitted to the allegations contained in the revocation petition. The trial court revoked his probation and ordered that he serve the rest of his sentence in the Department of Correction ("DOC"). He now appeals, claiming that the trial court abused its discretion in doing so. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

In August 2005, Swagger pled guilty to class B felony child molesting. In February 2006, the trial court sentenced him to ten years, with six executed and four suspended to probation. His probation terms required that he attend, actively participate in, and successfully complete a court-approved sex offender treatment program, that he maintain steady progress in treatment, and that he not be unsuccessfully terminated from treatment or be noncompliant. Appellant's App. at 49-53.

Following his release from prison in May 2009, Swagger was transferred between two county probation departments but was subject to the original conditions of his probation. In July 2012, the State filed a verified petition for revocation of Swagger's suspended sentence and probation. The petition incorporated an attached letter from Swagger's clinical social worker, which stated in part,

> Mr. Swagger was told on June 25, 2012 by letter and on June 28, 2012 in person that he would be immediately terminated from the program unless he left a copy of the Doctor's note regarding his missed group session at the front desk of Family Services within 1 week. He also was informed that he needed

2

to pay off his polygraph balance by August 1st, 2012 as it is 20 months overdue!

Mr. Swagger failed to comply with either of these stipulations. He has consistently demonstrated he is not willing to participate in treatment and follow the rules of the program and so is TERMINATED from the Sex Offender treatment program effective immediately.

*Id*. at 61.

In September 2012, Swagger admitted to the allegations contained in the petition. Following a November 2012 hearing, the trial court revoked his probation and ordered the execution of his suspended sentence. Swagger now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

Swagger challenges the trial court's execution of his suspended sentence. Probation is a matter of grace left to the trial court's sound discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the probationer violates those conditions. *Id*. We review a trial court's sentencing decisions for probation violations using an abuse of discretion standard. *Id*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*. In determining whether a trial court has abused its discretion, we do not reweigh evidence. *Mogg v. State*, 918 N.E.2d 750, 755 (Ind. Ct. App. 2009). Instead, we consider conflicting evidence in the light most favorable to the trial court's ruling. *Id*.

Here, Swagger admitted to the allegations contained in the revocation petition and does not challenge this aspect of the trial court's revocation order. Rather, he claims that the

3

trial court abused its discretion in imposing the sanction for his probation violation. Indiana Code Section 35-38-2-3(h) states,

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> >
> > (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> >
> > (3) *Order execution of all* or part of the sentence that was suspended at the time of initial sentencing.

(Emphasis added.)

The statute clearly gives the trial court three options with respect to sanctioning a probationer who has violated his probation terms. One of those options is to do just what the trial court did here: order execution of all four years of Swagger's sentence that was previously suspended. Notwithstanding, Swagger suggests that the trial court's sanction amounted to an abuse of discretion because his infraction was "a single violation which did not involve a new criminal offense" and the petition to revoke was filed "nearly 36 months into his 48-month period of probation[.]" Appellant's Br. at 6. In this vein, we note first that proof of a single violation of probation terms is sufficient to support revocation, *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*, and that the violation need not involve a criminal act. *See*, *e.g.*, *Stephens v. State*, 818 N.E.2d 936, 938 (Ind. 2004) (where violation consisted of missing two psychosexual counseling sessions).

4

We also note that the statute contains no qualifying language concerning the circumstances under which a trial court may order execution of the full term versus a partial term. Moreover, the record indicates that the June 14, 2012 counseling session cited in the revocation petition was the twelfth such session that Swagger had missed without excuse. His social worker testified that in addition to having numerous unexcused absences, Swagger had been disruptive in group treatment sessions and had been terminated from counseling for failure to make progress and for being twenty months overdue in paying for his polygraphs. Tr. at 35-38. Simply put, the record shows that Swagger's violations were not singular but many and that his eleven previous unexcused absences from counseling occurred before June 14, 2012, thereby undercutting his argument that he had successfully completed three-quarters of his probation without any violations. We decline his invitation to reweigh evidence.

The trial court was statutorily authorized to order the execution of all of Swagger's four-year suspended term. Thus, we find no abuse of discretion here. Accordingly, we affirm.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.