## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 26 2016, 8:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles R. Ellis,[1]

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 26, 2016

Court of Appeals Case No.
34A05-1511-CR-1844

Appeal from the Howard Superior Court.
The Honorable William C. Menges, Judge.
Cause No. 34D01-0801-FB-57

**Darden, Senior Judge**

---

[1] Ellis contends that the sentencing order from which he appeals incorrectly refers to him as Charles R. Ellis when his name is Charlie R. Ellis. We refer to him as Charles R. Ellis, which is the name shown in the caption of this appeal.

# Statement of the Case

The State filed a petition to revoke Charles R. Ellis's suspended sentence. After the trial court accepted Ellis's admission to the probation violation, the court imposed sentence on the violation. Ellis appeals, contending that the trial court's sentence is illegal or erroneous. We affirm.

# Issue

The sole issue presented for appeal is whether the sentence imposed by the trial court is illegal or erroneous.

# Facts and Procedural History

On January 24, 2008, the State charged Ellis with two counts of dealing in cocaine,[2] each as a Class B felony. Apparently, Ellis plead guilty[3] in open court

---

[2] Ind. Code § 35-48-4-1 (2006).

[3] The record provided to us shows a document filed with the court, purporting to be submitted by the State and is signed by Ellis and his trial counsel. The Recommendation of Plea Agreement indicates that "The Prosecutor anticipates that the Defendant, Charles R. Ellis, intends to enter a plea of guilty to Count I, Possession of Cocaine, a Class D Felony, as a lesser included offense and Count II, Possession of Cocaine, a Class D Felony, as a lesser included offense." Appellant's App. p. 61. The document goes on to state that the "recommendation is filed with the Court prior to entry of the above plea." *Id.* The recommendation, referring only to Count I, states that the "Defendant will be sentenced to the Indiana Department of Corrections [sic] for three (3) years, with one (1) year to be served on In-Home Detention and two (2) years suspended to supervised probation." *Id.* No further reference is made to Count II, nor is there a reference to consecutive sentencing. The document concludes by stating "the State of Indiana and Defendant respectfully move the Court accept the terms of this negotiated Recommendation of Plea Agreement." *Id.* at 62. An additional document entitled "Agreed Entry On Pre-Trial Conference" was submitted to the trial court. *Id.* at 63. The agreed entry provides as follows:

> The parties file a Recommendation of Plea Agreement. The Defendant confirms that he or she is aware that the Court is not a party to the agreement, and if the Court accepts the terms of the Agreement, it will be bound by it. If the Court does not accept the Agreement, the Defendant will no longer be bound by it, and can have a trial. This matter is referred to the Howard County Adult Probation Department for a Pre-Sentence

to two counts of the lesser included offenses of possession of cocaine, each count as a Class D felony;[4] with the State to make a recommendation that Ellis receive a three year sentence on Count I with one year to be served on home detention followed by two years of supervised probation. On December 8, 2008, the trial court accepted Ellis's plea and sentenced him to consecutive sentences of three years imprisonment on each count, with one year executed on home detention and the remaining two years suspended to supervised probation for an aggregate sentence of six years. Both parties have interpreted the order to mean that Ellis would spend two years on home detention followed by four years of probation. Ellis received credit for one hundred eighty-three days of jail time credit and one hundred eighty-three days of good time credit, or an aggregate of three hundred sixty-six days while awaiting trial on these charges. Ellis was ordered to report to Howard County Home Detention within twenty-four hours of sentencing.

[4] Subsequently, on June 26, 2009, the State filed a notice of non-compliance with conditions of home detention through Howard County Community Corrections. In particular, the State alleged that Ellis was terminated from a Fulton County Home Detention program on June 12, 2009 for an unrelated

---

Investigation and Report, and this cause is set for further hearing, and potential sentencing on the 3rd day of Dec., 2008, at 1:30 p.m.. The Defendant is ORDERED to report to Probation FORTHWITH.

Id. at 63. The Agreed entry is signed by Ellis, his counsel, and the State.

[4] Ind. Code § 35-48-4-6 (2006).

charge for failing to pay mandatory fees and for changing his residence to Howard County. Appellant's App. p. 73. As of June 24, 2009, however, Ellis had not reported to or contacted Howard County Community Corrections to begin placement for his two years of home detention in Howard County. *Id.* A warrant was issued for his arrest.

[5] Ellis was arrested on April 12, 2010, for not reporting to Howard County Community Corrections. At an initial hearing on April 15, 2010, Ellis informed the court that he wanted to admit the allegation of non-compliance. The trial court set the matter for a hearing on April 29, 2010, released Ellis on his own recognizance as to the non-compliance allegation only, and ordered Ellis to report to Howard County Community Corrections to set up his in-home detention on the underlying sentence. *Id.* at 6. Ellis reported on April 19, 2010.

[6] At the hearing held on April 29, 2010, the trial court accepted Ellis's admission to the non-compliance allegations and extended Ellis's original probation for a period of six months for that violation, keeping all other terms and conditions of probation in full force and effect. The court also gave Ellis three days of jail time credit and three days of good time credit from April 12, 2010, the date of his arrest until April 15, 2010, the date of his release on his own recognizance.

[7] On July 1, 2010, the State filed a notice of violation against Ellis alleging that when he reported for his home detention interview on April 19, 2010, Ellis tested positive for amphetamine, hydrocodone, hydromorphone, oxycodone and cannabinoids. The notice further alleged that on May 13, 2010, Ellis again

tested positive for methamphetamine, amphetamine, oxycodone, and morphine. Ellis also owed $608.00 under his home detention agreement. A warrant was issued for Ellis's arrest.

[8]     When Ellis was arrested on that warrant on August 12, 2010, he had served 106 days on in-home detention. Again, on October 28, 2010, he was released on his own recognizance by agreement of the parties. As a result, Ellis had served seventy-seven days incarcerated awaiting disposition on the in-home detention violation.

[9]     On January 6, 2011, Ellis admitted to the allegation of non-compliance and the trial court gave him credit for all time served incarcerated, jail time credit and good time, and concluded that he was discharged from his sentence to in-home detention. However, the trial court ordered that his period of supervised probation be extended for an additional period of six months. Thus, the period of supervised probation as extended amounted to a period of five years. Therefore, as of January 6, 2011, the earliest Ellis could possibly be released from supervised probation, without additional sanctions for violations or court order was early January 2016.

[10]    Ellis served approximately nine months on supervised probation. However, on September 16, 2011, he was convicted and sentenced to prison on an unrelated charge. Therefore, from September 16, 2011, until March 22, 2013, Ellis was incarcerated for the unrelated conviction for possession of a controlled substance. He was returned to supervised probation on the instant charges on

March 23, 2013.  Upon his return, Ellis had approximately four years and three months remaining on supervised probation in Howard County commencing on or about March 23, 2013.

On June 16, 2015, the State filed a petition to revoke Ellis's suspended sentence, citing both his failure to report to probation as requested since March 16, 2015, and for being arrested on a new charge of possession of a controlled substance and other matters.  Ellis was arrested on June 19, 2015.  Accordingly, Ellis had served almost an additional two years and three months of his probationary period prior to his June 19, 2015 arrest; although some apparently was not under direct supervision.

Ellis remained incarcerated and at a set September 24, 2015 hearing date, he admitted the allegations of the petition to revoke.  At the trial court's request, the probation department filed its sentencing recommendation on October 20, 2015.  The probation department recommended that Ellis serve the remainder of his previously suspended sentence in the Department of Correction, and calculated the remaining sentence to be 816 days.  On October 21, 2015, the trial court imposed a sentence of 816 days as recommended.  The trial court specifically denied Ellis any jail credit time from his June 19, 2015 arrest and incarceration, apparently because he was being held on another unrelated charge.  Ellis now appeals.

# Discussion and Decision

[13]   Ellis argues that the sentence imposed after his probation was revoked is either illegal or erroneous. We disagree.

[14]   Upon review of a trial court's decision to revoke probation and the trial court's sentencing decision after probation has been revoked, we look for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied.* An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court misinterprets the law. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).

[15]   Our Supreme Court has held that "a trial court has the statutory authority to order executed time following revocation of probation that is less than the length of the sentence originally suspended, so long as, when combined with the executed time previously ordered, the total sentence is not less than the statutory minimum." *Stephens v. State*, 818 N.E.2d 936, 942 (Ind. 2004). Here, Ellis was convicted of two Class D felony offenses, with the sentences to be served consecutively. At the time Ellis was sentenced, the sentencing range for a Class D felony was a fixed term of between six months and three years, with the advisory sentence being one and one-half years. Ind. Code § 35-50-2-7 (2005). Therefore, the trial court's imposition of 816 days, or approximately two years and almost three months, which is far less than the length of the sentence originally suspended, is more than the statutory minimum.

[16] Further, Indiana Code section 35-38-2-3(h) (2015) provides options for the sanction a trial court may impose upon finding a violation of a condition of probation prior to the termination of that period. One of the options, subsection 3, provides that the trial court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Four years (1,460 days) of Ellis's sentence were suspended to supervised probation. Imposition of 816, or approximately two years and almost three months, is less than the sentence initially suspended and is authorized by statute.

[17] We note that Ellis was initially sentenced to an aggregate sentence of six years or 2,190 days. On October 21, 2015, his four-year supervised probation was revoked and Ellis was sentenced for the probation violation to 816 days, which is less than the 1,460 days he could have been ordered to serve. Although Ellis was arrested on June 19, 2015 and this case was disposed of on October 21, 2015, the trial court specifically denied Ellis jail credit time, apparently because he was being held on another unrelated charge. Therefore, the trial court was acting within its discretion in sentencing Ellis. Consequently, Ellis will not have served executed time related to these charges in excess of his original sentence for these charges. We conclude that his sentence is neither illegal nor erroneous.

## Conclusion

[18] In light of the foregoing, we affirm the trial court's judgment.

[19] Affirmed.

Mathias, J., and Barnes, J., concur.