## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Feb 04 2020, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian L. Gardner,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 4, 2020

Court of Appeals Case No.
19A-CR-1914

Appeal from the Vanderburgh
Circuit Court

The Honorable Kelli E. Fink,
Magistrate

Trial Court Cause No.
82C01-1804-F5-2751

**Mathias, Judge.**

[1]     Brian L. Gardner ("Gardner") appeals from the Vanderburgh Circuit Court's

revocation of his home detention placement, challenging whether sufficient

evidence supports the finding that he violated the terms and conditions of the community corrections program. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

On January 20, 2019, Gardner pleaded guilty to Level 5 felony carrying a handgun without a license and was sentenced to two years to be served as a direct commitment on home detention. A company called ABK Tracking monitors participants in the home detention program; Gardner was familiar with ABK Tracking, apparently having submitted to numerous drug screens while serving a suspended sentence in 2016 and 2017. Appellant's Conf. App. p. 31; Tr. p. 32.

Gardner's home detention began on April 9, 2019. On May 1, he submitted to a "rapid instant drug test" that returned a positive result for the presence of methamphetamine. ABK Tracking followed its standard policy when an individual has a positive drug test: the individual can admit the positive result in an admission form or deny the positive result in a denial form. If the test result is denied, the test is sent to a laboratory for confirmation. If the test result is admitted, no further confirmation is sought. Gardner denied using methamphetamine and asked to be retested; however, he said that earlier the same day he had ingested unknown pills that he thought included a laxative. After being read the admission form from "top to bottom," Gardner provided his electronic signature, admitting to using or testing positively for methamphetamine. Tr. p. 6.

[4] ABK Tracking submitted a home detention violation report and the State filed a petition to revoke Gardner's placement on May 2. The trial court held a hearing on the matter on June 20. Gardner explained that when he gave his electronic signature, he believed it was for his drug test to be sent to a laboratory for further testing and did not know that he was signing the admission form. The trial court determined that Gardner was in violation of the terms and conditions of his home detention placement, and on July 18, revoked twenty months of Gardner's twenty-four-month sentence to the Department of Correction. This appeal followed.

## Discussion and Decision

[5] We note initially that, for probation to be a workable option for Indiana judges, judges "must have the ability to move with alacrity to protect public safety when adjudicated offenders violate the conditions of their sentences." *Stephens v. State*, 818 N.E.2d 936, 941–42 (Ind. 2004). And our standard of review for an appeal from the revocation of a community corrections placement is the same as that for an appeal from the revocation of probation. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). A probation revocation hearing is civil in nature, and the State need only prove the alleged violation by a preponderance of the evidence. *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). We consider all the evidence most favorable to the judgment of the trial court and do not reweigh that evidence or judge the credibility of the witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's conclusion that a

probationer has violated any term or condition of the community corrections placement, we will affirm its decision to revoke the placement. *Id.*

[6] Gardner challenges the revocation of his home detention placement by arguing that there is insufficient evidence to support the trial court's determination that he violated the terms of his home detention by testing positive for an illicit drug, methamphetamine. Here, the evidence presented was that Gardner submitted to a random drug test and the result was positive for methamphetamine. When confronted with this result of this test, Gardner signed an admittance form in which he admitted to using or testing positively for methamphetamine. His request that we credit his testimony that he mistakenly signed the admission form, meaning instead to have his positive drug test retested, is simply a request to reweigh evidence and judge witness credibility, which we decline to do. *See Holmes v. State*, 923 N.E.2d 479 (Ind. Ct. App. 2010) (holding urinalysis report was sufficient evidence to support trial court's determination that probationer violated terms of home detention by consuming alcohol).

[7] The trial court found the result of the test and Gardner's signed admission form reliable to prove by a preponderance of the evidence that Gardner consumed methamphetamine. We conclude that the positive result and Gardner's signed admission provided substantial evidence of probative value in support of the trial court's determination and thus decline to disturb the revocation of Gardner's home detention placement on appeal.

# Conclusion

[8] Sufficient evidence supports the trial court's determination that Gardner violated the terms and conditions of his community corrections placement.

[9] Affirmed.

Kirsch, J., and Bailey, J., concur.