Marc A. SLAYTON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 48A02–8808–CR–300.

Court of Appeals of Indiana,
Second District.

March 7, 1989.

Richard B. Walker, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Marc A. Slayton appeals the judgment revoking his "one year period of extended probation imposed on 11–13–86" and ordering him incarcerated in the Madison County Detention Center for one (1) year. Record at 384.

We reverse.

Slayton raises several issues; we address only one: whether the trial court had the authority to extend his probation beyond the term of his suspended sentence. All other issues are mooted by our reversal of the trial court's judgment on this issue.

On February 27, 1984 Slayton entered pleas of guilty to possession of a controlled substance, a class D felony, possession of marijuana, a class A misdemeanor, and driving while intoxicated, a class A misdemeanor. The pleas were accepted and convictions entered. Slayton was sentenced under the class A misdemeanor alternative for the class D felony and received three consecutive one-year terms of imprisonment. The court suspended the sentences and placed Slayton on probation for three years.

On November 13, 1986, the court determined that Slayton had violated the terms of his probation and ordered "[Slayton's] probation is extended to February 27, 1988." Record at 62.

On September 10, 1987 a notice of probation violation, asserting a probation violation on September 9, 1987, was filed with the trial court. At Slayton's evidentiary hearing, held January 26, 1988, Slayton first moved to dismiss the notice of violation. One of the asserted grounds for dismissal was that the trial court did not have the power to extend Slayton's probation

period beyond the three year period of his consecutive three one-year sentences. The trial court denied the motion to dismiss. After the evidentiary hearing the trial court found Slayton had violated the terms of his probation, revoked the one year of "extended probation" imposed on November 13, 1986, and ordered Slayton incarcerated in the Madison County Detention Center for one year. Slayton appeals.

As at his probation revocation hearing and in his motion to correct error, Slayton argues on appeal that the trial court lacked the authority to revoke his "probation" for an alleged violation occurring after the expiration of his original three-year probation period. In other words, he claims a trial court does not have the authority to "extend" a defendant's term of probation beyond the maximum term of the defendant's sentence or sentences. The State asserts Slayton cannot attack the legality of the probation extension because it constitutes an impermissible collateral attack on the November, 1986 proceeding and further, because Slayton accepted the benefit of the extension.

Slayton is not impermissibly attacking the November 1986 proceeding. His attack is on the sufficiency of the evidence establishing he was on probation at the time of the alleged violation.[1] His claim is that as a matter of law the evidence is he was not on probation on September 9, 1987. We agree because the probation period cannot exceed the sentence term.

IC 35–50–3–1 (1982) (amended 1988) provides that whenever a misdemeanor sentence is suspended the "court may place the [defendant] on probation ... for a fixed period of not more than one (1) year."

However, the State argues the limited one year term of probation required by this section is subject to an extension for a period beyond one (1) year by IC 35–38–2–1(a)(1) (1986 Supp.) and IC 35–38–2–3(f) (1988). These provisions allow the trial court to modify the conditions of probation at any time and further, specifically allow the trial court to enlarge the conditions of probation if a violation occurs before the probation period ends.

The conditions of probation, which the court has the power to modify or enlarge, refer to the undertakings required by a probationer and do not include the length of the probation period. The controlling statute on the length of probation is IC 35–50–3–1 which limits the probation period for a single misdemeanor conviction to a fixed period of not more than one (1) year. Conditions or undertakings of probation that may be modified or enlarged are found in IC 35–38–2–2 (1988): "As *conditions of probation*, the court may require the person to do any of the following...." (emphasis added). Examples include working faithfully, undergoing medical or psychiatric treatment, supporting dependents, making restitution, reporting as directed, etc.

In this case, Slayton's asserted probation violation occurred more than three years after his three-year probation term commenced. Although he had not been formally discharged from his probation by a court order, his probation was terminated by operation of law at the end of the three years, the maximum period for which he could be placed on probation. Consequently, an essential element of the revocation proceeding was not proven and, accordingly, the trial court erred in revokating Slayton's

1. Because Slayton is attacking the sufficiency of the evidence, there is no merit to the State's argument Slayton's attack is "barred" because he accepted the benefits of the probation extenstion. Further, as this court stated in *Hoage v. State* (1985), Ind.App., 479 N.E.2d 1362, 1364:

> [E]ven if Hoage had undeniably accepted [five (5) years probation for a one (1) year misdemeanor conviction], the trial court was without authority to impose a sentence greater than allowable by law. A defendant's consent to a probationary period exceeding the statutory maximum obtained in the coercive set-

ting in which the court has the power to imprison the defendant and not place him on probation at all, is without effect. Therefore, that part of the judgment which places Hoage on probation beyond the one year statutory limit is not authorized by law and must be set aside.

This same analysis is applicable to Slayton's situation when he faced his first alleged probation violation and, without counsel, "agreed" to the extension of his probation by another year rather than face the possibility of having his probation revoked.

probation and ordering execution of the one-year sentence.

Judgment reversed and cause remanded with instructions to terminate Slayton's probation.

RATLIFF, C.J., and SULLIVAN, J., concur.