BAILEY, J., and VAIDIK, J., concur.

Stephen L. BAILEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–0001–CR–57.

Court of Appeals of Indiana.

June 20, 2000.

---

Annette K. Fancher, Indianapolis, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Stephen L. Bailey appeals the revocation of his probation, arguing that the violation of a condition of his probation occurred after his probationary period had expired. We affirm.

### Issue

Bailey raises one issue for our review, which we restate as: whether the trial court erred when it revoked Bailey's probation.

### Facts and Procedural History

On September 14, 1994, Bailey pleaded guilty to one count of Habitual Traffic Violation, a class D felony, and was sentenced to three years. The trial court ordered one year of the sentence to be executed and two years to be suspended, with Bailey to be placed on probation for two years. Bailey was released from jail, and his probationary period began, on January 4, 1995. On June 12, 1995, the State filed a violation of probation due to Bailey's failure to meet with his probation officer on four occasions. On December 16, 1996, the trial court found that Bailey admitted the violation and extended the term of his probation for one year, through December 31, 1997. On July 29, 1997, the State filed a second violation of probation, alleging that Bailey had been charged with several misdemeanor offenses. On June 24, 1999, the State filed an addendum to the second violation, alleging that Bailey committed a burglary on November 16, 1997.[1] On November 12, 1999, the trial court held a hearing on the second violation of probation. The court determined that, due to the one-year extension of his probation because of the first violation, Bailey was still on probation at the time of the burglary on November 16, 1997. On the basis of the burglary, the trial court revoked Bailey's probation and ordered him to serve the two-year suspended sentence. Bailey appeals.

### Discussion and Decision

Bailey contends that the trial court erred by revoking his probation because the alleged violation, the burglary on November 16, 1997, was committed after his probationary period had expired as a matter of law. Specifically, Bailey argues that the extension of his probation for one year as a result of the first finding of a violation was erroneous, and thus, there was insufficient evidence to establish that he was still on probation at the time of the burglary.

#### Standard of Review

A probation revocation hearing is in the nature of a civil proceeding and, therefore, need only be proven by a preponderance of the evidence. *King v. State*, 642 N.E.2d 1389, 1393 (Ind.Ct.App. 1994). This court will neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we look to the evidence most favorable to the State. If there is substantial evidence of probative

---

1. Bailey pleaded guilty to the burglary charge on June 7, 1999. (R. 172–73.)

value to support the trial court's decision that the probationer is guilty of a violation, revocation is appropriate. *Morgan v. State,* 691 N.E.2d 466, 468 (Ind.Ct.App. 1998).

### Analysis

At his initial sentencing hearing, two years of Bailey's sentence were suspended, and he was placed on probation under Indiana Code section 35–50–2–2(c). That section provides that "whenever the court suspends a sentence for a felony, it shall place the person on probation under IC 35–38–2 for a fixed period to end not later than the date that the maximum sentence that may be imposed for the felony will expire." Because Bailey pleaded guilty to a class D felony, the maximum sentence that could have been imposed was three years. IND.CODE § 35–50–2–7. Thus, the trial court's imposition of a three year sentence with one year executed and two years to be served on probation was the maximum allowed by statute. However, the trial court extended Bailey's probation for one year due to his first violation of probation. Bailey contends that this extension was in violation of Indiana Code section 35–50–2–2(c), and thus, that he was no longer on probation at the time of his second alleged probation violation.

In support of his argument, Bailey relies on *Slayton v. State,* 534 N.E.2d 1130 (Ind. Ct.App.1989). In *Slayton,* the probationer was sentenced for three class A misdemeanors, and was placed on probation for three years.[2] Following a probation violation, the trial court extended the term of probation by one additional year. During the fourth year of his probation, the State filed another notice of probation violation. The trial court denied Slayton's motion to dismiss the notice of probation violation, and found that Slayton had, indeed, violated his probation a second time. As a

result, the trial court revoked the additional one year of probation and ordered Slayton to be incarcerated for that one-year period.

On appeal, this Court held that the trial court had erred by extending Slayton's probation for an additional year following the first violation. We held that the one-year extension was contrary to Indiana Code section 35–50–3–1 (1982), which provided that whenever a misdemeanor sentence is suspended, the court could not order a probationary period that exceeded one year. *Id.* at 1131. This Court rejected the State's argument that Indiana Code section 35–38–2–3(f) (1988) allowed the extension of the probationary period, holding that that provision referred only to modification of the undertakings required by the probationer and not the length of the probation. *Id.* As a result, we determined that the trial court erred by extending the period of probation for one additional year, and the period of probation was terminated by operation of law after three years. Accordingly, we held that the probation violation did not occur while Slayton was on probation. *Id.*

After a thorough reading of *Slayton,* we find that Bailey's reliance on that opinion is misplaced. The version of Indiana Code section 35–38–2–3(f) in effect at the time of Slayton's offense provided only two options if the trial court found that the probationer had violated conditions of his probation; the court could either: (1) continue the probation with or without modifying or enlarging the conditions of probation; or (2) order execution of the sentence that had been suspended. IND.CODE § 35–38–2–3(f) (1988). However, our legislature amended that statute in 1991,[3] and the version in effect at the time of Bailey's first probation revocation provided the court with three options. Those included

---

2. Pursuant to Indiana Code section 35–50–3–1(b), a person convicted of a misdemeanor, whose sentence is suspended, can be placed on probation for a fixed period of no more than one year.

3. *See* P.L. 214–1991, SEC. 1.

the aforementioned two, and the additional option of "extend[ing] the person's probationary period for not more than one (1) year beyond the original probationary period[.]" IND.CODE § 35–38–2–3(g)(2) (Supp.1996).

As a result, the trial court was within the statutory guidelines when it ordered Bailey to serve an additional one year of probation following his first probation violation. The fact that the additional year extended the term of Bailey's probation beyond that provided for in Indiana Code section 35–50–2–2 is of no consequence, because that statute applies only to the initial suspension of a sentence and placement on probation. If a probationer is found to violate probation, Indiana Code section 35–38–2–3(g)(2) allows the trial court to order an extension of up to one year. In this case, the one-year extension validly extended Bailey's probation through December 31, 1997. Thus, Bailey was on probation at the time of the November 16, 1997 burglary to which he pleaded guilty. Accordingly, the trial court did not err by revoking his probation and ordering Bailey to serve his two-year suspended sentence as a result of his probation violation.

Affirmed.

SULLIVAN, J., and VAIDIK, J., concur.