**Michael J. SHARP, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 50A05–0405–CR–251.**

Court of Appeals of Indiana.

Nov. 17, 2004.

---

Joseph V. Simanski, Plymouth, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

**OPINION**

SHARPNACK, Judge.

Michael J. Sharp appeals the modification of his probation following the trial court's finding that he violated conditions of his probation. Sharp raises one issue, which we restate as whether the trial court exceeded its statutory authority when it modified the term and the conditions of Sharp's probation. We reverse and remand.

The relevant facts follow. In 1996, the State charged Sharp with eight counts of child molesting. On March 19, 1997, Sharp pleaded guilty to one count of child molesting as a class B felony, and the State dismissed the remaining charges. The trial court sentenced Sharp to fifteen years in the Indiana Department of Correction with five years suspended and two years on reporting probation.

Sharp was released from the Indiana Department of Correction on December 17, 2001. On July 2, 2003, the State filed a motion to revoke Sharp's probation, and after a hearing, the trial court found that Sharp had violated several conditions of his probation. The trial court modified Sharp's probation by extending his period of probation to six years and requiring Sharp to serve eighteen months in the Indiana Department of Correction as a term of probation.

The issue is whether the trial court exceeded its statutory authority when it modified the term and the conditions of Sharp's probation.[1] Trial courts possess discretionary power to determine a sentence "within statutorily prescribed parameters." *Strowmatt v. State*, 779 N.E.2d 971, 976 (Ind.Ct.App.2002). We review a trial court's sentencing decision in probation revocation proceedings for an abuse of discretion. *Goonen v. State*, 705 N.E.2d 209, 212 (Ind.Ct.App.1999). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Smith v. State*, 730 N.E.2d 705, 708 (Ind.2000), *reh'g denied.*

Sharp argues that the trial court exceeded its authority under Ind.Code § 35-38-2-3(g),[2] which governs violations of the conditions of probation. Sharp's

---

1. The State argues that Sharp waived this argument by failing to make an objection at the time the trial court imposed the modified, extended terms of probation. Our supreme court has held that "[a] sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization" and that "[a] sentence that exceeds statutory authority constitutes fundamental error." *Rhodes v. State*, 698 N.E.2d 304, 307 (Ind.1998). Conse-quently, we will address Sharp's argument. *See, e.g., id.* (holding that a trial court committed fundamental error when it imposed a sentence of life imprisonment without parole in the absence of statutory authorization).

2. (Supp.2003) (subsequently amended by Pub.L. No. 98-2004, § 152 (eff. July 1, 2004)).

argument requires us to interpret that statute. When interpreting a statute, we independently review a statute's meaning and apply it to the facts of the case under review. *State v. Evans,* 810 N.E.2d 335, 337 (Ind.2004) (quoting *Bolin v. Wingert,* 764 N.E.2d 201, 204 (Ind.2002)), *reh'g denied.* "If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning." *Id.* If a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. *Id.* We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *Id.*

Sharp argues that the trial court's order violates Ind.Code § 35–38–2–3(g), which provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:
>
> (1) continue the person on probation, with or without modifying or enlarging the conditions;
>
> (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or
>
> (3) order execution of the sentence that was suspended at the time of initial sentencing.

Specifically, Sharp contends that the trial court did not have the authority to: (1) both modify the conditions of his probation under subsection (g)(1) and extend his probationary period under subsection (g)(2); (2) extend his probation for more than one year under subsection (g)(2); or (3) impose an eighteen-month sentence as a condition of his probation under subsection (g)(1).

■ We begin with Sharp's argument that the trial court could not both modify the conditions of his probation under subsection (g)(1) and extend his probationary period under subsection (g)(2). Sharp argues that subsections (g)(1), (g)(2), and (g)(3) are connected by "or" and the trial court "only has the discretion to apply one (1) of the three (3) alternatives." Appellant's Brief at 9. We agree.

■ "The words 'and' and 'or' as used in statutes are not interchangeable, being strictly of a conjunctive and disjunctive nature respectively, and their ordinary meaning should be followed if it does not render the sense of the statute dubious." *Barr v. Sun Exploration Co., Inc.,* 436 N.E.2d 821, 824–825 (Ind.Ct.App.1982). The ordinary meaning of "or" in Ind.Code § 35–38–2–3(g) is disjunctive and, thus, the statute gives the trial court the authority to do one of the following: (1) continue the probation with or without modifications; (2) extend the probationary period; or (3) order the execution of the suspended sentence. Here, the trial court both continued Sharp's probation with modifications under subsection (g)(1) and also extended the probationary period under (g)(2). The trial court only had the statutory authority to do one of the three options in Ind.Code § 35–38–2–3(b), not two of the options. Consequently, the trial court exceeded its statutory authority, and we must reverse and remand for resentencing.

■ For purposes of resentencing, we will also address Sharp's other two arguments. Sharp also argues that the trial court could not extend his probation for more than one year under subsection (g)(2). The trial court extended Sharp's probationary period to six years. At the sentencing hearing, the trial court stated that it could place Sharp on probation for ten years. We presume that the trial court was referring to Ind.Code § 35–50–

2–2(e),[3] which was applicable to Sharp and provides that "[w]henever the court suspends that part of an offender's (as defined in IC 5–2–12–4) sentence that is suspendible under subsection (b), the court shall place the offender on probation under IC 35–38–2 for not more than ten (10) years." However, Ind.Code § 35–50–2–2 pertains to an offender's initial sentence after a conviction. Here, we are dealing with a probation violation, not an initial sentencing. Ind.Code § 35–38–2–3(g) pertains specifically to probation violations and only allows a trial court to "extend the person's probationary period for not more than one (1) year beyond the original probationary period." I.C. § 35–38–2–3(g)(2). Sharp's original probationary period was two years. Thus, under subsection (g)(2), the trial court could extend Sharp's probationary period to three years. Consequently, the trial court did not have the statutory authority to extend Sharp's probationary period to six years.

 Sharp also argues that the trial court could not impose an eighteen-month sentence as a condition of his probation under subsection (g)(1). Sharp concedes that the trial court was permitted to order a term of imprisonment as a condition of probation. See, e.g., Strowmatt, 779 N.E.2d at 976. However, Sharp argues that the eighteen-month sentence exceeded his term of probation. According to Sharp, "[s]ince the [t]rial [c]ourt could only keep Sharp on probation for the balance of the original probationary period—169 days—with modified or enlarged conditions, Sharp could only be incarcerated for the 169 days." Appellant's Brief at 10.

Ind.Code § 35–38–2–2.3(c)[4] provides: "As a condition of probation, the court may require that the person serve a term of imprisonment in an appropriate facility at the time or intervals (consecutive or intermittent) *within the period of probation* the court determines." (emphasis added). We have held that "[t]he trial court is not limited to the term that may be executed as long as it does not exceed the term of probation." *Strowmatt,* 779 N.E.2d at 976. Thus, Sharp's term of imprisonment ordered as a condition of probation may not exceed the term of probation. The State does not dispute Sharp's assertion that he had 169 days of probation remaining to serve. Assuming that the eighteen-month term of imprisonment exceeded the remaining amount of probation, the trial court erred by imposing the eighteen-month term of imprisonment as a condition of Sharp's probation because that term exceeded the remaining amount of Sharp's probation.

While we recognize that the trial court was attempting to fashion a modification of Sharp's probation in an effort to punish Sharp for his probation violations and to protect society while still allowing Sharp to continue with his treatment and counseling, we are constrained to apply the unambiguous language of the statutes. Consequently, we reverse the trial court's modification of the term and conditions of Sharp's probation and remand to the trial court for resentencing on Sharp's probation violations. See, e.g., *Carroll v. State,* 740 N.E.2d 1225, 1234 (Ind.Ct.App.2000) (holding that the trial court exceeded its statutory authority by requiring a non-immunized clean-up statement as a condition of probation), *trans. denied.*

For the foregoing reasons, we reverse the trial court's modification of the term

---

**3.** (Supp.2002) (subsequently amended by Pub.L. No. 224–2003, § 126 (eff. July 1, 2003) and Pub.L. No. 85–2004, § 11 (eff. July 1, 2004)).

**4.** (Supp.2002) (subsequently amended by Pub.L. No. 2–2003, § 91 (eff. July 1, 2003)).

and conditions of Sharp's probation and remand for resentencing.

Reversed and remanded.

BAILEY, J. and MAY, J. concur.