**Russell PREWITT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 10A04–0610–CR–589.**

Court of Appeals of Indiana.

April 30, 2007.

Jeffrey D. Stonebraker, Jeffersonville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

SHARPNACK, Judge.

Russell Prewitt appeals his sentence for violating his probation. Prewitt raises one

issue, which we revise and restate as whether the trial court abused its discretion in sentencing him. We reverse and remand.

The relevant facts, as set forth in Prewitt's direct appeal, follow:

> Late one evening, Prewitt and his brother's fiancée, Charlotte Cooper, loaded Cooper's van with steaks and cigarettes that they hoped to trade for drugs. They drove to the Greenwood Apartments, a public housing complex in Jeffersonville, Indiana. There, they saw a man standing in the doorway of an apartment. The man was an undercover police officer, Trooper Shaun Hannon. Cooper parked the van and Prewitt walked to the apartment and spoke to Hannon, asking if he could trade merchandise for crack cocaine. Hannon went into the apartment alone, and told Sergeant Myron Wilkerson and Detective Leslie Kavanaugh, who were inside, that a man was outside asking for cocaine. Wilkerson and Kavanaugh went to the door, where Prewitt indicated that he wanted to trade meat and cigarettes for cocaine. The two followed Prewitt back to the van, and when Cooper began showing them the merchandise, Kavanaugh identified himself and arrested both Cooper and Prewitt.

> Prewitt was originally charged with conspiracy to possess cocaine, a Class C felony. The information was eventually amended to include two counts: one count of conspiracy to possess cocaine as a Class B felony for being within 1,000 feet of a family housing unit, and one count of attempted possession of cocaine as a Class B felony, also for being within 1,000 feet of a family housing unit. A jury found Prewitt guilty of both charges; however, the conspiracy verdict was later vacated by the trial court.

*Prewitt v. State,* 761 N.E.2d 862, 866 (Ind. Ct.App.2002). The trial court sentenced Prewitt to sixteen years with six years suspended to probation. The trial court's sentencing order stated, "[a]s a specific term of probation, [Prewitt] shall upon being released from incarceration place himself in a Court approved halfway house for 90 days, and be subject to Intensive Probation as deemed necessary by the Probation Office at the time of his release." Appellant's Appendix at 136.

Prewitt began serving his probation in July 2005. On October 11, 2005, the State filed a petition to revoke probation alleging that Prewitt had failed to complete the halfway house program successfully. On November 21, 2005, the State and Prewitt reached an agreement in which Prewitt was sentenced to his time already served, ordered to successfully complete the halfway house program, and ordered to continue reporting to the probation department.

On November 28, 2005, the State filed a second petition to revoke Prewitt's probation and alleged that Prewitt had violated the terms of his probation by committing public intoxication on September 18, 2005, criminal trespass on October 2, 2005, and failing to complete the halfway house program. On January 30, 2006, the trial court held an evidentiary hearing. At the hearing, Prewitt admitted a violation of probation,[1] and the trial court found that Prewitt violated the terms of his probation. The trial court ordered that Prewitt remain incarcerated until "such time as he is able to enter and complete a half-way house." Appellant's Appendix at 238.

On April 18, 2006, the director of Prewitt's halfway house sent Prewitt's probation officer a letter that indicated that Prewitt had not complied with the halfway

---

1. The record does not reveal which term Prewitt admitted that he had violated.

house program and had left the halfway house. The director of the halfway house told Prewitt that he was expected to stay ninety days, but Prewitt was at the halfway house for only sixty-seven days and failed to contact his probation officer to inform her that he had left the program. On April 24, 2006, the State filed a third petition to revoke probation and alleged that Prewitt had violated the terms of his probation by failing to successfully comply with the halfway house program. On May 16, 2006, Prewitt filed a motion for assessment for treatment and requested that he "receive treatment at Richmond, if appropriate, as part of the disposition. . . ." *Id.* at 251. At the evidentiary hearing, Prewitt admitted that he left the program early and failed to contact his probation officer to inform her that he had left the program. Prewitt's attorney suggested that Prewitt be treated at Richmond State Hospital.

The trial court found that Prewitt violated his probation and ordered Prewitt to serve two years of his previously suspended sentence and that upon release Prewitt must enter Richmond State Hospital as a condition of probation.

 The sole issue is whether the trial court abused its discretion when it sentenced Prewitt to serve two years of his

previously suspended sentence and ordered that Prewitt enter Richmond State Hospital upon release as a condition of probation. We review a trial court's sentencing decision in probation revocation proceedings for an abuse of discretion.[2] *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct.App.1999). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Smith v. State*, 730 N.E.2d 705, 708 (Ind.2000), *reh'g denied.*

Ind.Code § 35–38–2–3(g), which gives a trial court sentencing options if the trial court finds a probation violation, provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:
>
> (1) continue the person on probation, with or without modifying or enlarging the conditions;
>
> (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or
>
> (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing.

**2.** Prewitt argues that "[a]lthough this standard of review is well established, Prewitt would suggest that this Court apply the standard of review set forth by Indiana Appellate Rule 7(B)." Appellant's Brief at 7. Prewitt argues that the language in *Stephens v. State*, 818 N.E.2d 936 (Ind.2004), "would seem to suggest that Court may have used [Ind. Appellate Rule 7(B)] when reviewing the sentence imposed after the revocation of Stephens' probation." Id. at 8. Prewitt acknowledges our holding in *Sanders v. State*, 825 N.E.2d 952, 957 (Ind.Ct.App.2005), *trans. denied*, in which we addressed this argument. In *Sanders*, we held:

> It is not clear from our supreme court's decision [in *Stephens* ] what standard of review it used when reviewing whether the

defendant's probation revocation sentence was unreasonable. Although some of the language used suggests that it may have used Ind. Appellate Rule 7(B), we believe—given our existing caselaw regarding appellate review of a trial court's probation decisions and regarding the prohibition against collaterally attacking an original sentence following revocation of probation—that the standard of review used when reviewing whether a defendant's probation revocation sentence is unreasonable is an abuse of discretion. Therefore, we will review Sanders's sentence on revocation for an abuse of discretion.

As we held in *Sanders*, we will review Prewitt's sentence on revocation for an abuse of discretion.

We have held that "so long as the proper procedures have been followed in conducting a probation revocation hearing pursuant to Indiana Code Section 35–38–2–3, the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen,* 705 N.E.2d at 212. The "[c]onsideration and imposition of any alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *Monday v. State,* 671 N.E.2d 467, 469 (Ind.Ct. App.1996).

Prewitt argues that the trial court abused its discretion by executing two years of Prewitt's sentence and modifying his terms of probation by directing him to also complete a treatment program at Richmond State Hospital. Prewitt argues that the trial court's order violates Ind. Code § 35–38–2–3(g) because the trial court "did not have authority to both execute a portion of his previously suspended sentence and modify the terms of his probation." Appellant's Brief at 11.

We find *Sharp v. State,* 817 N.E.2d 644 (Ind.Ct.App.2004), instructive. In *Sharp,* the trial court found that the defendant had violated several conditions of his probation. 817 N.E.2d at 646. The trial court modified the defendant's probation by extending his period of probation and requiring the defendant to serve time in the Indiana Department of Correction as a term of probation. *Id.* On appeal, the defendant argued that the trial court exceeded its authority under Ind.Code § 35–38–2–3(g). *Id.* The defendant argued that subsections (g)(1), (g)(2), and (g)(3) are connected by "or" and the trial court "only has the discretion to apply one (1) of the three (3) alternatives." *Id.* at 647. The defendant argued that the trial court could not both modify the conditions of probation

under subsection (g)(1) and extend his probationary period under subsection (g)(2). *Id.* We held:

"The words 'and' and 'or' as used in statutes are not interchangeable, being strictly of a conjunctive and disjunctive nature respectively, and their ordinary meaning should be followed if it does not render the sense of the statute dubious." *Barr v. Sun Exploration Co., Inc.,* 436 N.E.2d 821, 824–825 (Ind.Ct.App.1982). The ordinary meaning of "or" in Ind. Code § 35–38–2–3(g) is disjunctive and, thus, the statute gives the trial court the authority to do one of the following: (1) continue the probation with or without modifications; (2) extend the probationary period; or (3) order the execution of the suspended sentence. Here, the trial court both continued Sharp's probation with modifications under subsection (g)(1) and also extended the probationary period under (g)(2). The trial court only had the statutory authority to do one of the three options in Ind.Code § 35–38–2–3[ (g) ], not two of the options. Consequently, the trial court exceeded its statutory authority, and we must reverse and remand for resentencing.

*Id.*

Here, the trial court ordered execution of part of the sentence that was suspended at the time of initial sentencing under subsection (g)(3) and modified Prewitt's conditions of probation under (g)(1) by ordering Prewitt to enter Richmond State Hospital upon his release. Because the trial court only had the statutory authority to do one of the three options in Ind.Code § 35–38–2–3(g), not two of the options, we remand for resentencing.[3]

---

3. The State argues that any error is invited error. The State directs our attention to

Prewitt's motion and his counsel's comments. Prewitt filed a motion for assessment for

For the foregoing reasons, we reverse and remand for resentencing.

Reversed and remanded.

SULLIVAN, J., concurs.

CRONE, J., concurs with separate concurring opinion.

CRONE, Judge, concurring.

I reluctantly agree with the majority's reliance on *Sharp* and its interpretation of Indiana Code Section 35–38–2–3(g) in reversing the trial court's sentencing order. The legislature knows how to give trial courts options when it comes to probation. For example, Indiana Code Section 35–38–2–2.3(a) states, "As a condition of probation, the court may require a person to do a combination of the following...." The legislature could have used similar language in Indiana Code Section 35–38–2–3(g) with respect to probation revocation, but it did not do so. I also note that the legislature has not amended that statute in response to *Sharp*, which was decided in November 2004.

I write separately to observe that our supreme court's opinion in *Stephens v. State*, 818 N.E.2d 936 (Ind.2004), which was issued subsequent to *Sharp*, emphasizes the importance of flexibility in probation proceedings. When *Stephens* was decided, Indiana Code Section 35–38–2–3(g)(3) stated that a trial court "may ... order execution of the sentence that was suspended at the time of initial sentenc-

ing." *Id.* at 941. A panel of this Court interpreted that provision to mean that "when a trial court revokes probation, it is required to order the defendant to serve the entire sentence originally suspended." *Id.* at 938. Our supreme court disagreed, stating that "[t]he Court of Appeals interpretation requires changing 'may' to 'must' and modifying 'sentence' with the adjective 'entire.'" *Id.* at 941.

The court went on to say,

As to the Legislature's intent here, we have previously observed that probation serves the humane purposes of avoiding incarceration and of permitting the offender to meet the offender's financial obligations. *Cox v. State*, 706 N.E.2d 547, 550 (Ind.1999). In making this observation, we also pointed out that for probation to be a viable option for Indiana judges, judges must have the ability to move with alacrity to protect public safety when adjudicated offenders violate the conditions of their sentences. *Id.* The statutory scheme, it seems to us, reflects the Legislature's intent that trial courts have the flexibility both to use and to terminate probation when appropriate. To be more explicit, the statutory scheme seems to us to be sufficiently flexible to permit a trial court to order the same amount of executed time following a probation violation whether or not it actually revokes probation.

*Id.* at 941–42. The court ultimately held that "a trial court has the statutory au-

---

treatment and requested that he "receive treatment at Richmond, if appropriate, as part of the disposition...." Appellant's Appendix at 251. At the probation revocation hearing, Prewitt's counsel stated, "And I would suggest that if we can arrange something I do think Richmond somehow slipped through the cracks and it might not be a bad idea. And he's also just asked me if the Court would consider this because I still think he does have ties in Indianapolis." Transcript at

29. The State concedes that Prewitt "admittedly wanted the court to do this instead of requiring [him] to serve any more time in jail than the time served pending the hearing...." Appellee's Brief at 8. We cannot say that Prewitt invited this error because Prewitt did not argue that the trial court should sentence him to serve his unexecuted sentence *and* send him to the Richmond State Hospital.

thority to order executed time following revocation of probation that is less than the length of the sentence originally suspended, so long as, when combined with the executed time previously ordered, the total sentence is not less than the statutory minimum." *Id.* at 942.[4]

While *Stephens* arguably provides some justification for interpreting Indiana Code Section 35–38–2–3(g) more broadly, we must follow the plain language of the statute and leave any amendments to the legislature. It is my view that such amendments would be beneficial and in keeping with our supreme court's stated preference for flexibility in probation proceedings. When a person is alleged to have violated one or more conditions of probation, whether six months or six years after originally being sentenced, the trial court is in a much better position than it was initially to assess the person's rehabilitative needs and responsiveness to the conditions of probation. So long as the duration of the total sentence is not increased, I fail to see how limiting the options available upon revoking probation serves any legitimate public purpose. Trial courts should be allowed to use any or all of the options listed in Indiana Code Section 35–38–2–3(g) to tailor a person's probation to existing circumstances. If the person balks at the trial court's probation conditions, then he or she may always elect to serve the balance of the suspended sentence. After all, "[p]robation is a matter of grace and a conditional liberty that is a favor, not a right." *Taylor v. State*, 820 N.E.2d 756, 760 (Ind.Ct.App.2005), *trans. denied.*

---

**4.** The legislature subsequently amended Indiana Code Section 35–38–2–3(g)(3) consistent with our supreme court's holding in *Stephens*. *See* Ind.Code § 35–38–2–3(g)(3) (stating that trial court "may ... order execution of all or part of the sentence that was suspended at the time of initial sentencing.").