## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 23 2015, 9:53 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Lawrence M. Hansen
Hansen Law Firm, LLC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Duckett,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner* | December 23, 2015<br><br>Court of Appeals Case No.<br>29A05-1507-CR-912<br><br>Appeal from the Hamilton Circuit Court<br><br>The Honorable Paul A. Felix, Judge<br><br>Trial Court Cause No.<br>29C01-1202-FA-1562 |

**Baker, Judge.**

Michael Duckett appeals the judgment of the trial court modifying the terms of his sentence and ordering a portion of his previously suspended sentence to be executed as the result of a probation violation. Finding no error, we affirm.

## Facts

Duckett pleaded guilty to class B felony dealing in a narcotic drug and the trial court sentenced him to twelve years, with six years executed and six years suspended. Duckett served a portion of this sentence and began a probationary period on May 17, 2012.

Since that time, Duckett has violated the terms of his probation three times. The trial court modified Duckett's sentence following each of these violations. On April 2, 2015, following the most recent violation, the trial court further modified Duckett's sentence, resulting in an executed portion of 1611 days incarceration from the date of the order. Three years of Duckett's sentence remains suspended. Duckett now appeals.

## Discussion and Decision

We afford great deference to a trial court's sentencing decision in a probation revocation proceeding and we will review it only for an abuse of discretion. *Sharp v. State*, 817 N.E.2d 644, 646 (Ind. Ct. App. 2004). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

Here, Duckett does not dispute that he has violated his probation on multiple occasions. However, he "submits that a maximum sentence in this case was unwarranted and is an abuse of discretion." Appellant's App. p. 8. This appears to constitute the entirety of his argument, as he offers no further explanation. *Id.*

We find this argument unpersuasive to say the least. Despite being given numerous opportunities to reform his behavior, Duckett continued to violate the terms of his probation. Furthermore, we do not know where Duckett gets the idea that the trial court imposed the "maximum sentence" in this case, as three years of his total sentence remain suspended. *Id.* Duckett has simply asked us to substitute our judgment for that of the trial court without making any attempt to convince us that the trial court erred. It is clear that such a request must fail and, accordingly, we find that the trial court was well within its discretion to modify Duckett's sentence as it did.

The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.