## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

Jun 12 2020, 5:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| APPELLANT, PRO SE | ATTORNEY FOR APPELLEE |
| William H. Ellis, Sr. | J.T. Whitehead |
| Michigan City, Indiana | Deputy Attorney General |
| | Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Harvey Ellis, Sr., | June 12, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CR-2349 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, | The Honorable David M. Zent, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 02D04-9505-CF-250 |

**Pyle, Judge.**

## Statement of the Case

[1] William Ellis, Sr. ("Ellis"), pro se, attempts to appeal the trial court's order
denying his motion to suspend the remaining portion of his sixty-year murder

sentence imposed in 1996. Because Ellis has failed to timely file his notice of appeal with our Court and because we find no extraordinary compelling reasons to restore his forfeited right to this appeal, we dismiss the appeal.

[2] We dismiss.

## Issue

Whether this appeal should be dismissed because Ellis failed to timely file a notice of appeal.

## Facts

[3] Because of our disposition of this appeal, we will focus on the relevant procedural facts and will not delve into detailed substantive facts surrounding the events of Ellis' murder conviction or other motions not at issue in this appeal.

[4] In 1995, the State charged Ellis with murder. Following a jury trial in June 1996, the jury found Ellis guilty as charged. Thereafter, the trial court imposed a sixty (60) year sentence in the Indiana Department of Correction. Ellis filed a direct appeal, and in 1999, the Indiana Supreme Court affirmed his conviction but remanded for resentencing to apply the correct murder sentencing statute. *See Ellis v. State*, 707 N.E.2d 797 (Ind. 1999). Upon resentencing, the trial court again imposed a sixty (60) year sentence in the Indiana Department of Correction.

[5] Thereafter, between 2002 and 2019, Ellis filed numerous pro se petitions addressing his sentence. Specifically, he filed nine petitions to modify his

sentence, two petitions for credit time, a motion to correct erroneous sentence, and a motion for placement in community corrections. The trial court denied all these motions. Additionally, in 2017, the trial court denied a post-conviction relief petition.

[6] On July 22, 2019, Ellis filed a pro se "Motion for Suspension of Sentence[,]" which is at issue in this appeal. (App. Vol. 2 at 57). In this motion, Ellis argued that the trial court should—pursuant to the general suspension statute, INDIANA CODE § 35-50-2-2.2—suspend the remaining portion of his sixty-year murder sentence that was in excess of the minimum sentence for murder.[1]

[7] On August 5, 2019, the trial court denied Ellis' motion. Therefore, Ellis' notice of appeal was due to be filed with our Court on or before September 4, 2019. Ellis filed a notice of appeal with the trial court on August 22, 2019. Ellis then filed a notice of appeal with our Court on September 25, 2019.

## Decision

[8] Ellis argues that the trial court abused its discretion by denying his motion, filed pursuant to INDIANA CODE § 35-50-2-2.2, to suspend the remaining portion of

---

[1] The general sentencing statute provision relied upon by Ellis provides, in relevant part, that a trial court "may suspend only that part of a sentence for murder . . . that is in excess of the minimum sentence for murder . . . ." I.C. § 35-50-2-2.2(e). We note that INDIANA CODE § 35-50-2-2.2 is applicable to the suspension of a sentence at a defendant's initial sentencing. *See Sharp v. State*, 817 N.E.2d 644, 648 (Ind. Ct. App. 2004) (explaining that the predecessor general suspension statute, I.C. § 35-50-2-2, "pertains to an offender's initial sentence after a conviction"); *Bailey v. State*, 731 N.E.2d 447, 450 (Ind. Ct. App. 2000) (explaining that predecessor general suspension statute, I.C. § 35-50-2-2, "applies only to the initial suspension of a sentence").

his sixty-year murder sentence that is in excess of the minimum sentence for murder.

[9] At the outset, we note that Ellis has chosen to proceed pro se. It is well-settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.*

[10] Turning to this appeal, we recognize that our Indiana Appellate Rules provide that a party who wishes to appeal must "initiate[] an appeal by filing a Notice of Appeal with the Clerk (as defined in Rule 2(D))[2] within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Ind. Appellate Rule 9(A)(1). Additionally, Appellate Rule 9(A)(5) provides that "[u]nless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2."[3] The Indiana Supreme Court has explained that "[i]n essence a party loses his or her right to appeal for failing to

---

[2] Appellate Rule 2(D) defines "Clerk" as "the Clerk of the Indiana Supreme Court, Court of Appeals[,] and Tax Court."

[3] Post-Conviction Rule 2 provides an avenue by which certain criminal defendants may pursue a direct appeal after the time for filing a notice of appeal has expired. "Post-Conviction Rule 2 applies only to an 'eligible defendant,' which is 'a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on *direct appeal* a *conviction* or *sentence* after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.'" *Core v. State*, 122 N.E.3d 974, 977-78 (Ind. Ct. App. 2019) (quoting P-C.R. 2) (emphases in original).

file timely a Notice of Appeal." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014).

[11] Here, the trial court entered its order denying Ellis' motion on August 5, 2019. Based on the date of the order, Ellis' notice of appeal was due on or before September 4, 2019. *See* App. R. 9(A)(1). Ellis, however, filed his notice of appeal with our Court on September 25, 2019, making it twenty-one days late.[4] Pursuant to Appellate Rule 9(A)(5), his failure to timely file his notice of appeal with our Court results in Ellis' "right to appeal . . . be[ing] forfeited[.]"

[12] Our supreme court, however, has explained that an appellate court may restore a right of appeal that has been forfeited if there are "extraordinarily compelling reasons to do so." *In re Adoption of O.R.*, 16 N.E.3d at 971. In *O.R.*, our supreme court concluded that, in an appeal of a father seeking to challenge the adoption of his child, there were extraordinarily compelling reasons that existed to restore the father's forfeited right to appeal. *Id.* at 972. In so finding, the *O.R.* Court cited to: (1) Appellate Rule 1, which provides that our Court may permit deviation from the Appellate Rules; (2) the father's timely attempt to initiate an appeal before the deadline for filing his notice of appeal; and (3) the

---

[4] We recognize that Ellis filed a notice of appeal with the trial court on August 22, 2019. However, the filing of a notice of appeal with the trial court is no longer the procedure for initiating an appeal. *See* App. R. 9(A)(1). Indeed, such has not been the case since January 1, 2012. *See* App. R. 9(A)(1) (2012). While we had a grace period from January 1, 2012, until January 1, 2014, during which a notice of appeal filed with the trial court clerk would be deemed timely filed, *see* App. R. 9(A)(5) (2012), that grace period had been well expired at the time Ellis was required to file his notice of appeal with our Court.

significance of the parent-child relationship as a fundamental liberty interest and one of the most valued relationships of our culture. *Id.*

[13] We do not find any extraordinary compelling reasons to restore Ellis' forfeited right to this appeal, and we dismiss the appeal. *See, e.g.*, *Blinn v. Dyer*, 19 N.E.3d 821, 822 (Ind. Ct. App. 2014) (explaining that "while we *may* waive the apparent Appellate Rule 9(A)'s forfeiture requirement, we need not do so").

[14] Dismissed.

May, J., and Crone, J., concur.